[No. 4,149.]

THE PEOPLE EX REL JOHN L. LOVE, ATTORNEY-GEN-ERAL v. THOMAS D. MATHEWSON.

VALIDITY OF ELECTIONS.—It is essential to the validity of an election to an office, by the people, that such election be authorized by some statute in force at the time.

TERM OF OFFICE.—When an office becomes vacant and is filled by appointment, the term of the officer appointed continues until the next election by the people authorized by law.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

A. M. Crane, for Appellant.

Attorney-General John L. Love, Creed Haymond and J. G. Eastman, for Respondent.

By the Court, WALLACE, C. J.:

This is an information filed by the Attorney-General to inquire into the right of the defendant to hold the office of State Harbor Commissioner. The facts found by the Court were as follows:

1. That John Rosenfeld was, on the 4th day of September, A. D. 1871, elected by the State at large, State Harbor Commissioner of the State of California for the term of four years from and after December 1st, A. D. 1871, and in pursuance of such election received his commission from the Governor; and on the 29th day of November, A. D. 1871, qualified by giving the bond and taking the oath required by law, and entered upon the duties of said office, and continued to hold said office until the 23d day of May, A. D. 1873, when, on said last named day, he resigned the said office, which said resignation was accepted by the Governor of the State of California.

2. That on the 27th day of May, A. D. 1873, Thomas D. Mathewson, who, for more than twenty years past, has been, and yet is, a resident citizen and elector of said State of California, was appointed by the Governor of the State of California to fill the vacancy in the office of State Harbor Commissioner, elected by the State at large, caused by said resignation of John Rosenfeld, and did thereupon issue to the said Thomas D. Mathewson a commission, of which the following is a copy:

"United States of America, State of California—To all to whom these presents shall come, greeting: Know all ye, that reposing special confidence in the capacity, interity and fidelity of Thomas D. Mathewson, I, Newton Booth, Governor of the State of California, in the name and by the authority of the people of the said State, do, by these presents, appoint and commission him, the said Thomas D. Mathewson, State Harbor Commissioner in and for the city of San Francisco, State of California, *vice* John Rosenfeld, resigned, for the term prescribed by law.

"In witness whereof I have hereunto set my hand and caused the great seal of the State of California to be affixed,

at Sacramento, this 27th day of May, in the year of our Lord, 1873.

"NEWTON BOOTH, Governor.

"[SEAL.]        Attest,        DRURY MELONE,

"Secretary of State."

And thereafter, within ten days, qualified to enter upon the duties of said office, by taking the oath of office required by law, and filing a bond with sufficient sureties in the sum of $50,000, which bond was approved by the Governor and Treasurer of the State of California, and entered upon the duties of said office, and since said time has continued, and now does continue to hold and discharge the duties of said office.

3. That on or about the ——— day of August, A.D. 1873, Paul Neuman was nominated by the representatives of one of the political parties of the State of California, as a candidate for the office of State Harbor Commissioner, elected by the State at large, for the unexpired term of John Rosenfeld.

That on or about the ——— day of August, A.D. 1873, John W. Bost was nominated by the representatives of the other political party of said State, for the office of State Harbor Commissioner, elected by the State at large for the unexpired term of John Rosenfeld.

That thereafter, on the third day of September, A.D. 1873, at a general election holden on said day in the State of California, by the people thereof, and which election was the first general election held after said vacancy caused by the resignation of said Rosenfeld did occur, said Paul Neuman received 31,696 votes, and John W. Bost received 30,-867 votes of the State of California at large, cast as aforesaid by the electors of said State, for the office of State Harbor Commissioner, and thereafter, within the time required by law, the Secretary of State did compare and estimate the votes cast, as aforesaid, and did make out and file in his office a statement thereof, and did transmit a copy of said statement to the Governor, showing that Paul Neuman was elected by the electors of said State Harbor Commissioner, elected by the State at large.

5. That the Governor of the State of California did thereupon issue to Paul Neuman, a commission, of which the following is a true copy:

" United States of America, State of California—To all to whom these presents shall come, greeting: Whereas, on the third day of September, A.D. 1873, Paul Neuman was duly elected State Harbor Commissioner, *vice* T. D. Mathewson. Now, therefore, I, Newton Booth, Governor of the State of California, in the name and by the authority of the people of said State, do, by these presents, commission him, the said Paul Neuman, the State Harbor Commissioner in and for the State of California, for the term prescribed by law.

In testimony whereof, I have hereunto set my hand, and caused the great seal of the State to be affixed, at Sacramento, California, this twelfth day of November, 1873.

" NEWTON BOOTH, Governor.

" [SEAL.]          Attest,          DRURY MELONE,

" Secretary of State."

That within ten days after the issuance to Paul Neuman of said commission, he qualified to enter upon the duties of said office, by taking the oath of office required by law and filing a bond with sufficient securities in the penal sum of $50,000, which was approved by the Governor and Treasurer of the State of California.

6. That at a regular meeting of the Board of State Harbor Commissioners, holden in the city of San Francisco on Monday, December 1st, 1873, Paul Neuman presented his commission for said office and certificate of the Secretary of State.

The following is a true copy:

"STATE OF CALIFORNIA, Department of State.

"I, Drury Melone, Secretary of State of the State of California, do hereby certify that on the 22d day of November, 1873, Paul Neuman filed in my office, as such Secretary of State, his official bonds as Harbor Commissioner of the State of California, in the amount, with the sureties, and in

the form, required by law. That on the same day, to wit: November 22d, A. D. 1873, said official bond was duly approved by Newton Booth, Governor, and F. W. Baehr, Treasurer of the State of California, and the approval thereof by such Governor and Treasurer duly indorsed thereon in writing, and I hereby further certify that on the said 22d day of November, A. D. 1873, the said Paul Neuman presented for filing, and there was duly filed in my office as such Secretary of State, his oath of office as Harbor Commissioner, in due form of law, and that the same, together with said official bond and the approval thereof, now remain on file in my office.

"Witness my hand and the great seal of State at my office in Sacramento, the 25th day of November, A. D. 1873.

"DRURY MELONE,

"[SEAL.]                    Secretary of State."

That Thomas D. Mathewson did then and there refuse, and has ever since refused, and does now refuse, to vacate said office, and claims to hold the same by virtue of his said appointment, commission, qualification and his eligibility thereto aforesaid, and not by any other right or title.

7.  That the Governor of the State of California did not, at any time prior to said general election, holden on the 3d day of September, A.D. 1873, make or issue any proclamation under his hand and the great seal of said State, or transmit copies thereof to the Boards of Supervisors of the counties of said State, stating that the office of State Harbor Commissioner was to be voted for at such election, to fill the vacancy occasioned by the resignation of said John Rosenfeld, or that such office was to be filled at all, or such officer was to be voted for at such election; but, on the contrary, wholly failed to make, publish, or transmit such proclamation; and no such proclamation was ever, prior to said election, published in any county of this State.

8.  That said office of State Harbor Commissioner, elected by the State at large, is a public office.

9.  That Paul Neuman is a resident and citizen of the State of California, and has been a resident and citizen of

said State more than two years next preceding his election.

Upon these findings judgment of ouster was rendered against the defendant, and the said Paul Neuman was adjudged to be entitled to the office, from which judgment the defendant has brought the present appeal.

It is necessary to the validity of an election to office that it be authorized by some statute in force at the time. Here there was none. By the three hundred and sixty-second section of the Political Code, it is provided as follows: "Harbor Commissioners are elected and appointed, and hold their office as prescribed in Title VI of Part III of this Code." But, on referring to that portion of the code, no provision for such election is found; but the omission to provide for such election is noted by the Commissioners under section 2,521. The defendant Mathewson, having been regularly appointed by the Executive to fill the vacancy caused by the resignation of Rosenfeld, his term continues by law until the next election by the people (Political Code, Section 999); but, as we have said already, such election by the people cannot legally occur until authorized by a statute in force at the time.

Judgment reversed, and cause remanded, with directions to render judgment pursuant to the prayer of the answer.

Mr. Justice NILES did not express an opinion.