The State of Florida ex rel. v. Ansel B. Philips.—Syllabus.

30    579
44    304
30    579
50    404

THE STATE OF FLORIDA EX REL. ATTORNEY-GEN-
ERAL, RELATOR, VS. ANSEL B. PHILIPS, RE-
SPONDENT.

1. An allegation is an information in proceedings by *quo warranto*
   in behalf of the Attorney-General, that the respondent uses, en-
   joys and performs the functions of a public office without war-
   rant or authority of law, charges usurpation of said office, and
   is sufficient to require him to show by what right or authority
   he exercises or performs the functions thereof, and as against
   the State he must show a complete and perfect right.

2. The office of Municipal Judge of the city of St. Augustine under
   the charter of said city is filled by election by the city council
   of said city, and before entering upon the duties of said office,
   the person elected thereto is required to take the oath of office.
   In answer to an information on behalf of the Attorney-Gen-
   eral, charging respondent with usurpation of said office, he set
   up an election alone as a defense: *Held*, to be insufficient as
   against the State in not showing that all the requisites pre-
   scribed by law to entitle one to take possession of said office
   had been complied with.

3. The term of office of Municipal Judge under the charter of the
   city of St. Augustine is two years, and the power to fill vacan-
   cies that may occur in said office devolves upon the city coun-
   cil by election; but when the city council elects an eligible
   person to a vacancy that has happened in said office, the per-
   son so elected is entitled to hold said office for the unexpired
   portion of the two-year term that has become vacant.

4. The amendment of the charter of the city of St. Augustine passed
   in 1891, being Chapter 4091, does not change the term of office,
   or the time of election, of municipal judge under the original
   charter of said city.

5. Though a respondent fail to exhibit a clear right to exercise the
     functions of a public office in answer to an information in *quo
     warranto* proceedings instituted by the Attorney-General
     against him to show by what authority he performs the duties
     of said office, yet a third person will not be let into the office
     where the information fails to allege that he is entitled to the
     same.

This is a case of original jurisdiction.

### STATEMENT.

The proceeding here is in *quo warranto* on the information of the Attorney-General filed in this court on the 6th day of July, A. D. 1892, on behalf of the people of the State of Florida, and against A. B. Philips.

It is alleged in the information that A. B. Philips, for the space of thirteen days last passed, had used, enjoyed, exercised and performed, and still does use, enjoy, exercise and perform, without warrant or authority, in violation of the charter of the city of St. Augustine and the statutes of the State of Florida, the franchise, functions and powers of the office of Municipal Judge of the said city of St. Augustine, in said State.

It is further alleged that the city council of the said city of St. Augustine, in council assembled, in compliance with the provisions of the charter (Chapter 3972, Laws of Florida), at its second regular meeting after the election in June, 1891, said election being

held for the purpose of electing a mayor and five aldermen for said city, elected, among other officers for said city, M. R. Cooper to the office of Municipal Judge, to hold for two years from June A. D. 1891. That said M. R. Cooper resigned his said office as Municipal Judge, his resignation to take effect January the 1st, A. D. 1892, which was duly accepted by the said city council, and said council at its last regular meeting in December, A. D. 1891, proceeded to fill the vacancy in said office of Municipal Judge caused by said resignation, and thereupon duly elected W. A. MacWilliams to the said office of Municipal Judge of the said city of St. Augustine, to fill the unexpired term of the said M. R. Cooper, to-wit: To June, A. D. 1893, as will appear by a certified copy of an abstract of the proceedings of said city council and the official paper writing sent to said MacWilliams by the clerk of the said city of St. Augustine under the seal of said city, which are made exhibits to the information.

Further, that said city council at its second regular meeting after the election of June, A. D. 1892, said election being held for the purpose of electing four aldermen for the said city of St. Augustine, elected in compliance with the amendment to the charter of said city (Chapter 4091, Laws of Florida) certain persons to fill certain offices for the said city, and did further attempt to elect A. B. Philips, defendant herein, to the office of Municipal Judge of the said

city of St. Augustine, as will appear by a certified copy of an abstract of the proceedings of the said city council attached hereto as exhibit "C," while the term to which said W. A. MacWilliams had been elected had not expired, and will not expire until June, 1893, the time of holding the next regular election to fill the office of Municipal Judge, as prescribed by the said charter of the said city of St. Augustine; and it is alleged that the said A. B. Philips during all the time aforesaid has usurped, and still does usurp, the said franchise, functions and powers of the said office of Municipal Judge of the said city of St. Augustine, to the great damage and prejudice of the people of the State of Florida.

The information concludes as follows : " Whereupon the said Attorney-General prays advice of this court in the premises, and due process of law against the said A. B. Philips in this behalf, to answer the said people by what warrant or authority he claims to use, enjoy, exercise and perform the franchise, functions and powers aforesaid, and that upon his failure thereof, a judgment of ouster be entered against the said A. B. Philips, and that in said judgment the said W. A. MacWilliams be restored to the said office of Municipal Judge of the said city of St. Augustine, Florida."

The record of the proceedings in reference to the election of W. A. MacWilliams, attached as an exhibit to the information, is as follows : "Alderman

Ingraham moved that the board go into the election of Municipal Judge, to fill the vacancy caused by M. R. Cooper, resigned. Alderman Arnau nominated W. A. MacWilliams, Esq. Alderman Ingraham nominated G. A. Crocker, Esq. Nominations being then closed, the clerk called the roll with the following result : For W. A. MacWilliams—Aldermen Arnau, Colee, Iwan-owski, Pacetti and Papino, 5. For G. A. Crocker—President Philips, Aldermen Masters and Ingraham, 3. Mr. MacWilliams having received a majority vote, he was declared duly elected Municipal Judge."

The notification sent W. A. MacWilliams of his election is as follows :

St. Augustine, Fla., Dec. 30th, 1891.

*Hon. W. A. MacWilliams :*

Dear Sir—At a regular meeting of the city council held on the 29th day of December, 1891, you were duly elected Municipal Judge of the city of St. Augustine, to serve the unexpired term of M. R. Cooper, resigned.

J. A. Usina,
[Seal]                                    City Clerk.

The record in reference to the election of A. B. Philips is as follows : " On motion of Alderman Masters the board went into the election of city officers. On the call of the roll A. B. Philips received eight (8) votes for Municipal Judge." This action of the city council is certified to have taken place June 22d, A. D. 1892.

The answer of Ansel B. Philips is, in subtance, as follows: He admits that the extracts from minutes of the council of said city, copies of which are attached to the information, are correct, but he says the notification by the city clerk to W. A. MacWilliams that he was elected Municipal Judge to serve the unexpired term of M. R. Cooper, resigned, was, as to such alleged term, a mistake of the city clerk, and not sustained by the action or minutes of the council. He alleges that he was elected Municipal Judge of said city, as shown by the minutes of said council, and was officially notified of his election, as appears by a copy of the same, attached as exhibit "A." It is admitted that M. R. Cooper was elected Municipal Judge and resigned as alleged in the information. He alleges that the city council of said city, on the 29th day of December, 1891, attempted to elect or appoint said Mac-Williams to the office of Municipal Judge; that under sec. 5 of Art. 4, Chapter 3972, Laws of Florida, if the election or appointment to fill such vacancy was valid at all, it could only be until the next annual election. That the next annual election of councilmen, after said attempted appointment of said MacWilliams, was on the second Tuesday in June, A. D. 1892, and the next annual election of officers elected by the council after said attempted appointment or election of MacWilliams to fill said vacancy was on the 22d day of June, 1892, and it is alleged that the election or appointment of MacWilliams as aforesaid, if valid, did not extend to anything beyond the said annual

elections, or either of them, and that said respondent, Philips, was legally elected to succeed him, and so holds said office.

It is also alleged that under section 6, Chapter 4091, Laws of Florida, "an election was required to be held at the second regular meeting of said council in the next June thereafter for all the officers named in said section, and an election for a Municipal Judge at said meeting in June, 1892, was required by said statute, though perhaps the election of a Municipal Judge thereafter might be biennial, and respondent was duly elected such Municipal Judge at said meeting of June 22d, 1892, and so holds said office."

It is further alleged "that at the time of the said attempted election of said MacWilliams, no vacancy existed in the office of Municipal Judge of said city, and the action of the council in attempting to elect said MacWilliams was void and of no effect whatever; that after a vacancy occurred in said office by reason of the resignation of M. R. Cooper as aforesaid, no one was elected to or legally held said office until the election of respondent on June 22d, 1892, and respondent says that upon last mentioned date said office was vacant, and that he was duly elected thereto, and so holds said office."

The notice of his election given to A. B. Philips is as follows:

*Mr. A. B. Philips,*

*St. Augustine, Fla.:*

DEAR SIR—At a regular meeting of the city council of the city of St. Augustine held on the 22d day of June, 1892, you were duly elected to the office of Municipal Judge of the city of St. Augustine for a term of two years.

I have the honor to be,

Very respectfully your obedient servant,

J. A. USINA,

[Seal] City Clerk.

On this answer a motion for judgment of ouster against A. B. Philips from the office of Municipal Judge, and of restoration of W. A. MacWilliams thereto, is made by the Attorney-General, on the ground that the answer of said respondent, Philips, confesses the usurpation by him of the said office of Municipal Judge of the city of St. Augustine, Florida.

The other facts of the case are stated in the opinion.

*William B. Lamar, Attorney-General,* and *William Mac Williams* for Relator.

*Ansel B. Philips, in pro per.*

MABRY, J. :

The motion for judgment of ouster will be treated in this case as a demurrer to the plea, or to the answer, as it is called in the pleadings. It will be noted that this is a proceeding in behalf of the people of the State by the Attorney-General, and the information, in

substance, alleges usurpation of the office of Municipal Judge of the city of St. Augustine by the respondent, A. B. Philips. It is alleged that said A. B. Philips for thirteen days last past before the filing of the information had used, enjoyed, exercised and performed, and still does use, enjoy, exercise and perform, without warranty or authority, and in violation of the statutes of the State of Florida, the franchise, functions and powers of the office of Municipal Judge of the city of St. Augustine in this State. There are other allegations in the information, but they do not negative the averment recited, that the holding of said office by the respondent, A. B. Philips, is without authority of law, and hence a usurpation on his part. The allegations of this information are sufficient to require him to show by what authority he enjoys the franchise, or performs the functions of said office, and as against the State he must show a complete and perfect right. State *ex rel.* Law vs. Saxon, 25 Fla., 342, 5 South. Rep., 801; Town of Enterprise vs. State *ex rel.* Attorney-General, 29 Fla., 128, 10 South. Rep., 740; High on Ex. Legal Remedies, secs. 712, 713; People *ex rel.* Larke vs. Crawford, 28 Mich., 88; Clark vs. People *ex rel.* Crane, 15 Ill., 213. A reading of the return is sufficient to show that it does not exhibit a perfect right as against the State. Respondent bases his right to the office in question upon an election by the city council of the city of St. Augustine on the 22d day of June, A. D. 1892, and his of-

ficial notification of the same by the city clerk. The
original charter of the city of St. Augustine provides
that "no person shall be eligible to any of said offices
unless he be a registered voter of said city, and a resi-
dent thereof, for one year prior to his election," and
also that "no officer shall enter on his office until he
shall have taken the oath of office faithfully to dis-
charge the duties thereof." The Municipal Judge of
said city is included among the officers above men-
tioned. As against the State, an election alone is not
sufficient, but in order to make out a complete title to
the office, it must be shown that all the requisites pre-
scribed by law for the qualification of one to take pos-
session of the office have been complied with by him.
If eligibility to election can not be questioned after an
election by a proper authority, it is clear that the per-
son elected must, before entering upon his office, take
the oath required by the charter. There is nothing
before us to show that respondent has complied with
the statute in reference to his qualifications to hold
the office of Municipal Judge, and hence, in this re-
spect, he has failed to show a perfect right as against
the State. The same legal obstacle is encountered in
the way of letting W. A. MacWilliams into the office
of Municipal Judge of said city, but his failure to
show a perfect right to the office does not aid the re-
spondent in his claims thereto. It is incumbent upon
the latter, as we have seen, to show a complete right
in himself.

The pleadings before us involve the question of the power and authority of the city council of the city of St. Augustine to fill vacancies that may happen in the office of Municipal Judge of said city, and as it is apparent to us that this controversy has grown out of a difference of construction placed upon the acts of incorporation of said city in reference thereto, we will consider this question. Section 1 of Article 2 of the city charter of the city of St. Augustine, being Chapter 3972, Laws of Florida, designates the officers in whom the government and administration of the said city shall be vested, and among them is the officer of Municipal Judge, whose term of office is expressly declared to be two years. The mayor and aldermen of said city are elected, in the manner provided in the charter, by the qualified electors of the city, but the Municipal Judge, as well as certain other officers, are elected by the city council. Section 6 of Article 3 of said charter provides that "at its second regular meeting after the election in June, 1889, the city council shall elect a city clerk, a marshal, a comptroller, a treasurer, a collector and assessor, a municipal judge of the municipal court, a commissioner of public works, and three police commissioners, one of whom shall be elected for one year, one for two years, and one for three years. Thereafter at the second regular meeting of the city council, after the annual election, there shall be elected annually one police commissioner, and biennially a commissioner of public works, a city clerk, a marshal, a comptroller, treasurer, col-

lector, assessor and judge of the municipal court. All elections by the city council shall be *viva voce* on the call of the roll." Section 3 provides that "all city officers except the mayor or policemen, unless suspended or removed, or vacating their offices as herein provided, shall continue in office until their successors are elected and qualified." The 5th section of Article 4 provides that "the city council may appoint persons to perform, temporarily, the duties of any absent, suspended or disabled city officer, and shall fill all vacancies in the city offices, including vacancies in the city council itself, until the next regular election, excepting however, the offices of mayor and policemen and subordinate officers herein otherwise provided for. In all cases appointment shall be only until the next annual election." Filling a vacancy in the office of Municipal Judge is not otherwise provided for in the charter, and hence it is clear that the city council, by virtue of the fifth section above recited, has the power and authority to fill vacancies that may occur in the office of Municipal Judge. This power to fill vacancies is not derived from the first clause in said section giving the council power to "appoint persons to perform, temporarily, the duties of any absent, suspended or disabled city officer," but is included in the express grant that the council "shall fill all vacancies in the city offices," with the exceptions mentioned.

It is conceded in the record before us that the city council of the city of St. Augustine, at its second reg-

ular meeting after the election in June, A. D. 1891, elected M. R. Cooper to the office of Municipal Judge of said city for the term of two years, from that date, and that he resigned said office, his resignation to take effect January 1st, A. D. 1892, and that it was duly accepted by the city council. It was then within the power of the council to fill the vacancy caused by the resignation of Judge Cooper. Conceding that the council elected an eligible person to the vacant office, would his tenure extend only to the first election thereafter for any purpose in said city, or would he hold to the end of the term that had become vacant? No doubt would exist in a case where the office in which the vacancy has happened and which has been filled, expired at the time of the first election that thereafter takes place, but suppose a term of office that does not expire at the next annual election has become vacant before said election, does the filling of such vacancy terminate at the next election, or go to the end of the term? Speaking in reference to the office of Municipal Judge under the original charter of said city, our construction is that when the city council elects an eligible person to fill a vacancy that has happened therein, he holds his office for the unexpired term, and until the next regular election for filling the office of Municipal Judge. When it is declared that the city council shall fill vacancies until the next regular election, it means until the next regular election provided by the charter for electing the officer whose term has

become vacant. Under the charter of the city of St. Augustine the term of office of Municipal Judge is two years, and it is clearly provided that this office shall be filled by the city council at its second regular meeting after the election in June, A. D. 1889, and biennially thereafter. If a vacancy occurs in this office it becomes the duty of the council to fill it, and when they legally do so, the incumbent will hold until the expiration of the two-year term that has become vacant. This construction we think is in harmony with the manifest purpose of the charter. We are further of the opinion that the amendment of the charter, passed in 1891, does not change in any respect the term of office, or the time of the election of Municipal Judge under the charter of said city. Section 1 of the amendatory act, being Chapter 4091, Laws of Florida, provides that the government of said city shall be vested in the same officers mentioned in the charter with the exception of comptroller and commissioner of public works, but the term of office for some of the officers are different. On the subject of the tenure of office the section is as follows: "The term of office of the mayor, aldermen and municipal judge shall be for two years, and those of the city clerk, assessor, collector, marshal and treasurer shall be for one year; the board of police commissioners shall be for three years as hereinafter provided." The sixth section provides that "at its second regular meeting after the election in June of each year the

city council shall elect a municipal judge, a city clerk, a marshal, a treasurer, a collector and an assessor, whose term of office shall be for one year, except the municipal judge, whose term shall be for two years, or until their successors are elected or appointed ; all elections by the city council shall be *viva voce* on the call of the roll." It is entirely clear that the amendatory act did not intend to change the two-year term for the office of Municipal Judge. The evident design, however, was to make some change in reference to the office of comptroller, and, probably, commissioner of public works, and also to change the term of office for the city clerk, marshal, treasurer, collector and assessor from two years to one, but it is expressly provided that the Municipal Judge shall hold his office for two years. The fact that the Municipal Judge is mentioned along with those who are to be elected at the second regular meeting after the election in June of each year, does not require that he be elected until the year in which his office expires. To hold otherwise would make it necessary to elect the Municipal Judge annually, while his term of office is expressly declared to be two years, which was not intended. The act must be construed to mean that the council shall elect a Municipal Judge every two years, along with those officers who are to be elected at the second regular meeting after the election in June of each year. This construction also harmonizes with the clearly expressed purpose that the Municipal Judge shall hold his office for two years. It will also be ob-

served that while the name of Municipal Judge is mentioned with those to be elected at the second regular meeting after the election in June of each year, and whose terms of office are declared to be one year, there is an exception as to this office, in the statute. We do not think that the sixth section of the amendatory act was intended or must be construed to change the term or the time of electing a Municipal Judge for the city of St. Augustine.

From what is here said in reference to the power of the city council of the city of St. Augustine to fill vacancies in the office of Municipal Judge, it follows that if W. A. MacWilliams was duly elected to fill the vacancy in the office of Municipal Judge caused by the resignation of M. R. Cooper, qualified as such, and entered upon and performed the duties of such office, it would not be competent for the city council to elect another person to said office until the expiration of the term for which Judge Cooper was elected. But upon the state of the pleadings before us it does not appear that W. A. MacWilliams is rightfully entitled to the said office of Municipal Judge. It is not alleged that he ever qualified as such judge, or in fact ever entered upon and performed the duties of said office. The prayer of the information is that he be restored to the office of Municipal Judge of the city of St. Augustine, but it is not alleged that he is entitled to the office. The mere allegation of an election, as we have seen, is not sufficient. His election is called in question, as we understand, on the ground that no election to fill a vacancy can take place until after the

time when the vacancy takes effect. The election here was on the 29th day of December, 1891, and the resignation was to take effect on the first day of January, 1892. We are not informed definitely when the resignation was tendered or accepted, and if it should be made to appear that a change in the council—the electing body—had taken place between the acceptance of the resignation of M. R. Cooper and the time when it was to take effect, a more important question might be presented, but from what we can see from the record no such change took place. It is, however, clear to us that W. A. MacWilliams is not shown to be entitled to be let into the office if he was duly elected to fill the term made vacant by the resignation of Judge Cooper.

The judgment of the court is that the demurrer must be sustained to the extent that the answer of respondent is insufficient, and shows no right to hold the office in question.