[No. 1488.]

STATE OF NEVADA, EX REL. C. H. E. HARDIN, RELATOR, *v.* REINHOLD SADLER, GOVERNOR OF THE STATE OF NEVADA, RESPONDENT.

CONSTITUTIONAL LAW—UPON DEATH OF GOVERNOR, LIEUTENANT-GOVERNOR BECOMES ACTING GOVERNOR—NO VACANCY.—Under the provisions of article V, sections 17 and 18 of the constitution, if a vacancy occurs in the office of governor, the powers and duties of the office devolve upon the lieutenant-governor, but there is no vacancy created in the office of lieutenant-governor thereby. The officer remains lieutenant-governor, but invested with the powers and duties of governor.

IDEM—VACANCIES IN OFFICES OF BOTH GOVERNOR AND LIEUTENANT-GOVERNOR.—If a vacancy exists in both the offices of governor and lieutenant-governor, the president *pro tempore* of the senate becomes acting governor until the vacancy be filled or the disability cease.

ORIGINAL PROCEEDING. Application by the State, on the relation of C. H. E. Hardin, for *mandamus* to Reinhold Sadler, Lieutenant and Acting Governor of the State of Nevada. Writ dismissed.

The facts appear in the opinion.

*James F. Dennis*, for Relator.

*James R. Judge,* Attorney-General, for Respondent:

I.  The fact that the powers and duties of the office of governor, under the constitution, devolved upon respondent at the time of Governor Jones' death, on April 10, 1896, did not thereby create or tend to create any vacancy in the office of lieutenant-governor.  The vacancy created by the death of Governor Jones was in the office of governor, not in that of lieutenant-governor, and this vacancy exists to-day, and has at all times since April 10, 1896.  (Const., sec. 17, art. V; *State* v. *LaGrave,* 23 Nev. 216; *People ex rel. Lynch* v. *Budd,* 45 Pac. Rep. 1060.)

By the Court, Belknap, C. J.:

This is an application for a writ of *mandamus* requiring respondent to commission relator as lieutenant-governor of the state.  The petition, among other things, alleges that the Honorable John E. Jones, the duly elected governor of the state, died upon the 10th day of April, 1896; that thereupon the powers and duties of the office of governor devolved upon respondent, the lieutenant-governor, who is now the acting governor of the state; that at the last general election relator was the candidate of the Silver party and of the Democratic party for the office of lieutenant-governor, and received the highest number of votes cast for any candidate for that office and was elected.  A demand upon and refusal by respondent to issue a certificate of election are alleged, and this court is asked to issue a writ of *mandamus* requiring him to do so.  The attorney-general has demurred to the petition upon the ground that it does not state facts sufficient to entitle relator to the relief prayed for.

The provisions of the constitution bearing upon the subject are as follows (article V):

"Sec. 17.  A lieutenant-governor shall be elected at the same time and places, and in the same manner, as the governor, and his term of office and eligibility shall also be the same.  He shall be president of the senate, but shall have only a casting vote therein.  If during a vacancy in the office of governor, the lieutenant-governor shall be impeached, displaced, resign, die, or become incapable of performing the duties of the office, or be absent from the state, the president

*pro tempore* of the senate shall act as governor until the vacancy be filled or the disability cease.

" Sec. 18. In case of the impeachment of the governor, or his removal from office, death, inability to discharge the duties of the said office, resignation, or absence from the state, the powers and duties of the office shall devolve upon the lieutenant-governor for the residue of the term, or until the disability shall cease."

The gubernatorial succession is covered by the foregoing provisions. If a vacancy occurs in the office of governor, the powers and duties of the office devolve upon the lieutenant-governor, but there is no vacancy created thereby in the office of lieutenant-governor. The officer remains lieutenant-governor, but invested with the powers and duties of governor.

Again, if, during a vacancy of the office of governor, the lieutenant-governor becomes incapable of discharging the duties of the office of governor from any of the causes enumerated in the constitution—in other words, if a vacancy exists in both the offices of governor and lieutenant-governor, the president *pro tempore* of the senate acts as governor until the vacancy be filled or the disability cease. (*People ex rel. Lynch* v. *Budd*, 45 Pac. 1060.)

There being no vacancy in the office of lieutenant-governor, the demurrer must be sustained, and the writ dismissed.

It is so ordered.