[S. F. No. 2657.   In Bank. — March 25, 1901.]

THE PEOPLE ex rel. MARTIN MURPHY, Respondent, v.
AL. G. COL, Appellant.

OFFICERS — COUNTY AUDITOR — VACANCY — TERM OF APPOINTEE — VOID
SPECIAL ELECTION. — A county auditor appointed by the board of
supervisors, under subdivision 19 of section 25 of the County Gov-
ernment Act, to fill a vacancy caused by the death of the elected
auditor during his term, "to hold office for the unexpired term, or
until the next general election," holds until the next general elec-
tion provided for the election of county officers generally, by section
58 of that act.   An election for auditor, under special proclamation
of the board, at the next ensuing November election, at which
county officers were not elected, to fill the unexpired term, was
without authority of law and void.

ID. — CONSTRUCTION OF COUNTY GOVERNMENT ACT — "UNEXPIRED
TERM" — "NEXT GENERAL ELECTION." — The expressions, "unex-
pired term" and "the next general election," used in subdivision
19 of section 25 of the County Government Act, are not necessarily
synonymous.   There may be cases in which the "unexpired term"
would not mean until the "next general election"; and the latter
phrase imports the next general election for county officers, includ-
ing the officer whose term became vacant.

APPEAL from a judgment of the Superior Court of Santa
Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion.

S. F. Leib, for Appellant.

Tirey L. Ford, Attorney-General, D. W. Burchard, and T. I.
Bergin, for Respondent.

COOPER, C. — This appeal is from a judgment declaring
the relator, Murphy, county auditor of Santa Clara County.
At the general election held in November, 1898, one Veuve
was elected county auditor of Santa Clara County for the en-
suing term.   On August 6, 1900, Veuve having died, and the
office being vacant, the defendant was duly appointed by the
board of supervisors to fill such vacancy, and qualified and
entered upon the discharge of his duties.   On October 22,
1900, the said board made an order and issued a proclamation
that at the election to be held in November, 1900, an auditor

of said county be elected to fill the unexpired term of Veuve. At the November election in 1900, the relator received a majority of all the votes cast for said office, and the question as to whether or not he is now county auditor of said county depends upon the questions as to whether there was a vacancy in the office at the time of his election, and whether the election was authorized by law. The principal, if not the only, question that need be discussed is as to whether the term of defendant, under his appointment, expired at the November election, 1900. It is provided in the County Government Act of 1897 (sec. 58) that all elective county officers (with certain exceptions) "shall be elected at the general election at which the governor is elected, and shall take office at twelve o'clock, meridian, on the first Monday after the first day of January next succeeding their election. All officers elected under the provisions of this act shall hold office until their successors are elected, or appointed and qualified."

The official term of Veuve, if he had lived, would, therefore, not have expired until the first Monday after the first day of January, 1903. His successor would have been elected at the "general election at which the governor is elected," in November, 1902. When the vacancy occurred, the board of supervisors had the power to appoint defendant to fill it; and the question is as to the term of the defendant after having been so appointed. The said County Government Act provides, in subdivision 19 of section 25, that the board shall have power "to fill, by appointment, all vacancies that may occur in any office filled by the appointment of the board of supervisors, and elective county or township officers, except in those of judge of the superior court, and supervisor, the appointee to hold office for the unexpired term, or until the next general election."

What is meant by "the next general election"? The section specifies the unexpired term or the next general election as the extent of time to which the appointee shall hold. If the sentence had omitted the words, "or until the next general election," it would be plain as to its intent. It is provided, in section 17 of the same act, that when the governor appoints a member of the board of supervisors to fill a vacancy, "in such case the election of a supervisor shall be held at the next general election to fill the vacancy for the unexpired term." The constitution provides that in case a vacancy oc-

curs in the office of superior judge, the governor shall appoint the appointee to hold until the election and qualification of a judge to fill the vacancy, "which election shall take place at the next succeeding general election, and the judge so elected shall hold office for the remainder of the unexpired term."

The meaning of the County Government Act as to filling the office of supervisor for the unexpired term by election, and of the constitution as to filling the office of judge of a superior court for the unexpired term by election, is plain. The County Government Act of 1883 and the County Government Act of 1893 each provided that in case of vacancies in county offices filled by appointment by the board of supervisors, the appointee "shall hold for the unexpired term." We think the phrase, "next general election," used in subdivision 19 of section 25, refers to the general election for filling the particular office to which the person is appointed, or in other words, to the general election provided for, as to all the county officers, in section 58. This was plainly the intent of the legislature, for in the very same act express provision is made, in section 17, for filling the unexpired term of a supervisor by election at the next general election. There is no provision in the act for filling the unexpired term of any other county officer by election. We cannot believe that if the legislature had intended to provide for filling the unexpired term of all county officers at the next general election, it would have made express provision for such election as to supervisors, and not as to any other county officer. Section 58 says: "All elective county and township officers, and city justices of the peace, except otherwise provided for in this act, shall be elected at the general election at which the governor is elected."

The auditor of Santa Clara is an elective county officer. There is no other provision in the act for the election of such county officer. The logical conclusion would be, that when the words, "until the next general election," were used, reference was made to the general election referred to and provided for in section 58. It is claimed that the construction herein given leaves the words, "for the unexpired term," without meaning.

If "the unexpired term" and "the next general election" refer to precisely the same period of time, it was not necessary to use both expressions. But there may arise cases in which

the unexpired term would not mean until the next general election. In cases where the board of supervisors have the sole right to fill an office by appointment, such as county physician or game-warden, in case of vacancy, the appointee might hold until the expiration of the term only. So after a general election for county officers in November, the newly elected officers do not take office until the first Monday after the first day of January following. A vacancy might occur after the election and before the beginning of the term of the newly elected official. In such case the appointee would only hold for the unexpired term.

We think the case of *People* v. *Budd*, 114 Cal. 170, is directly in point, and conclusive of this case. There the elected lieutenant-governor, Millard, died soon after his election, and the governor appointed William T. Jeter to fill the vacancy. It was sought, by writ of mandate, to compel the governor to include in his election proclamation for the coming election of 1896 the office of lieutenant-governor for the unexpired term of Millard. The provision of the constitution as to the commission of the governor in filling the vacancy by appointment states that the commission "shall expire at the end of the next legislature, or at the next election by the people." In the opinion it is said:—

"An office has become vacant, and there is no other mode provided by the constitution or laws to fill it. 'The next election by the people' does not mean the next general election, or the next election held by the people, but it must mean that the appointee shall hold until some one has been elected to fill that office. . . . If, however, the phrase, 'the next election by the people,' is equivalent to the phrase, 'the next election,'— and we assume that it was intended thereby to indicate the election at which such vacancy would be filled,— we would feel compelled to hold that the next election is that which the constitution has provided for filling that particular office,— that is, the next gubernatorial election."

The above decision was rendered prior to the election of the legislature that prepared the County Government Act of 1897. We must presume that the legislature, and its judiciary committee, knew of the interpretation given by this court to the phrase, "the next election by the people," when they used the words, "until the next general election." The same legisla-

ture had provided for the time of holding the general election for all county officers. Where it used the phrase, "until the next general election," it meant the next general election for county officers for which it had made provision.

The construction in *People* v. *Budd, supra,* and that herein given, is in accord with the rule in other jurisdictions.

In *People* v. *Wilson,* 72 N. C. 157, the governor had appointed to fill a vacancy in the office of judge of the eighth judicial district. The language of the constitution of the state provided that in case of such appointment "the appointees shall hold their places until the next regular election." The supreme court, after a careful consideration of the question, said that the meaning was: "The appointees shall hold their places until the next regular election *for the office* in which a vacancy has occurred."

In *State ex rel.* v. *Philips,* 30 Fla. 590, in which the title to a municipal office was involved, the charter provided that the city council might appoint to fill all vacancies "until the next regular election." The court, in construing the phrase, said, "When it is declared that the city council shall fill vacancies until the next regular election, it means until the next regular election provided by the charter for electing the officer whose term has become vacant."

In *Matthews* v. *Shawnee County,* 34 Kan. 607, the governor had appointed one Webb as judge of the superior court. The constitution of the state provided in case of such appointment the appointee shall hold "until the next regular election that shall occur more than thirty days after such vacancy shall have happened." The court, in the opinion, said, "In the case of *State* v. *Cobb,* 2 Kan. 32, 54, 55, it is held that the exact literal signification of the phrase, 'next regular election,' is the next election held conformable to established rule or law, and that the next regular election is the one next occurring at which the particular class of judicial officers is to be chosen. These definitions we think correct."

To the same effect are *State* v. *Gardner,* 3 S. D. 553; *State* v. *Cobb,* 2 Kan. 32.

The case of *People* v. *Babcock,* 123 Cal. 308, is not in conflict with what has been said. In that case, section 14 of the Consolidation Act contained the clause, "In case of a vacancy in the office of superintendent, the board of education may appoint a person to fill the vacancy until the regular election

then next following, when the office shall be filled by election of the people." In construing the above clause this court correctly held that it was not in the contemplation of the legislative mind that the appointee of the board of education should hold for the remainder of the unexpired term after a general election.

The judgment in this case must be reversed for another reason.

There is no provision, other than in section 58, for electing a county auditor. The election was not the election at which the governor was elected. If the office of defendant expired at the general election held in November, 1900, that did not, in the absence of other authority, authorize an election to fill the office. (*People* v. *Budd, supra; People* v. *Mathewson,* 47 Cal. 446; *Sawyer* v. *Haydon,* 1 Nev. 75.)

It follows that the judgment should be reversed, and the court below directed to enter judgment upon the findings in favor of defendant, and that he is rightfully entitled to the office of auditor and is the auditor of Santa Clara County.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court below directed to enter judgment upon the findings in favor of defendant, and that he is rightfully entitled to the office of auditor and is the auditor of Santa Clara County. Van Dyke, J., McFarland, J., Harrison, J. Temple, J., Henshaw, J.,

Garoutte, J., concurred in the judgment upon the second ground stated.

Rehearing denied.