(July 11, 1912.)

## CHARLES L. JOY, Plaintiff, v. WILFRED L. GIFFORD, Secretary of State, Defendant.

[125 Pac. 181.]

CERTIFICATE OF NOMINATION—PRIMARY ELECTION—ELECTION OF DISTRICT JUDGE—FILLING VACANCY.

(Syllabus by the court.)

1. Under the provisions of sec. 3 of the act of the legislature, approved January 19, 1911 (Sess. Laws, 1911, p. 4), authorizing the appointment of an additional judge for the third judicial district "to hold office until the next general election for district judges and until his successor is elected and qualified"; *held*, that where the first appointee of the governor resigned his office before the next

general election, and the governor made another and further appointment to fill the vacancy, such subsequent appointee takes the office subject to the same provisions as the original appointee, and will be entitled "to hold the office until the next general election for district judges and until his successor is elected and qualified."

2. As to whether or not an appointee to fill a vacancy in the office of district judge, where the judge had been duly and regularly elected under the general statute, would hold the office until the next general election for district judges or only until the next general biennial election for the election of state and county officers generally, *quaere.*

Original proceeding for a writ of mandate. Alternative writ issued and upon a hearing thereon a demurrer to the petition and a motion to quash the writ interposed and sustained, and the writ quashed and proceeding dismissed.

Frank Martin and S. E. Blaine, for Plaintiff.

The appointee of the governor appointed to fill a vacancy in office occasioned by death or resignation only holds said office until the first general election after the vacancy occurs. (*State v. Johns,* 3 Or. 535; *State v. Howell,* 59 Wash. 492, 110 Pac. 386.)

Next general election for that particular office has reference to an office newly created or authorized by law. (*State ex rel. Livesay v. Smith,* 35 Mont. 523, 90 Pac. 750, 10 Ann. Cas. 1138; *McIntyre v. Iliff,* 64 Kan. 747, 68 Pac. 633; *State ex rel. Williams v. Mayhew,* 21 Mont. 93, 52 Pac. 981; *People ex rel. Lynch v. Budd,* 114 Cal. 168, 45 Pac. 1060, 34 L. R. A. 46.)

The legislature cannot extend or abridge the term of office fixed by the constitution, nor postpone election so long a time as to deprive the offices of their elective character. (*Wilson v. Clark,* 63 Kan. 505, 65 Pac. 705; *People ex rel. Webster v. Babcock,* 123 Cal. 307, 55 Pac. 1017.)

It is a general policy of the constitution that the people shall elect the officers, and this policy is the one adopted by the legislature. The theory of our law is that officers shall be elected whenever it can be conveniently done, and that appointments to office will be tolerated only in exceptional cases. (*Welsh v. Mechem,* 31 Kan. 435, 2 Pac. 816; *Hovey*

*v. State ex rel. Carson,* 119 Ind. 404, 21 N. E. 21; 6 Am. & Eng. Ency. of Law, 294; *State v. Johns,* 3 Or. 533.)

To hold that an appointment made to fill a vacancy in an office could extend beyond the "next general election," at which time the people, from whom all power is derived, could vote thereon, would be to ignore and do violence to the modern theory of representative government and to the fundamental principle supporting the whole system of our government. (*State ex rel. Williams v. Mayhew, supra; State v. Johns, supra; People v. Babcock, supra; State v. Conrades,* 45 Mo. 47.)

D. C. McDougall, Attorney General, J. H. Peterson, Assistant Attorney General, and E. G. Davis, for Defendant.

There is no inherent reserve power in the people to hold an election to fill a vacancy in an elective office. Such election can only be held when and as authorized by law, and in sec. 350, Rev. Codes, is the only provision to be found in the statutes of this state directing when district judges shall be elected. Hence no election can be held in this state for a district judge except at the time prescribed in that section, to wit, 1910, and every fourth year thereafter. (*State ex rel. McGee v. Gardner,* 3 S. D. 553, 54 N. W. 606; *State ex rel. Fish v. Howell,* 59 Wash. 492, 110 Pac. 386; *People v. Budd,* 114 Cal. 168, 45 Pac. 1060, 34 L. R. A. 46.)

The words "regular election" do not necessarily mean general election or township election, or any state, county, city or district election. They simply mean the regular election prescribed by law for the election of the particular officer to be elected. (*Matthews v. Shawnee County,* 34 Kan. 606, 9 Pac. 765; *State v. Philips,* 30 Fla. 579, 11 So. 922.)

AILSHIE, J.—This is an application for a writ of mandate to the secretary of state to command him to file the nomination of Charles P. McCarthy as a candidate for district judge of the third district. The secretary declined to file the nomination, for the reason that he claims there is no election to be held this year for the election of district judges. The

eleventh session of the legislature passed an act which was approved by the governor on the 19th day of January, 1911, for an additional district judge for the third judicial district, and sec. 3 of the act provides as follows:

"That the governor shall, upon the passage and approval of this act, appoint such additional district judge for the third judicial district, to hold office until the next general election for district judges, and until his successor is elected and qualified, and said judge shall receive the salary and perform the duties of a district judge for said district."

In pursuance of the provisions of this act, the governor immediately appointed John F. MacLane to the office of district judge for the third district, and the appointee thereupon qualified and entered upon the duties of the office and continued to discharge the duties of district judge until the 27th day of January, 1912, and upon the latter date resigned the office. The governor immediately appointed Charles P. McCarthy to the office of district judge to fill the vacancy caused by the resignation of Judge MacLane. On June 28, 1912, and during office hours, the petitioner herein, Charles L. Joy, presented to the defendant, the secretary of state, at his office in the capitol building a nomination paper in due and regular form nominating Judge McCarthy as a candidate for the office of district judge for the third district to be voted for at the primary election to be held July 30, 1912. The fees were duly tendered, and thereupon Judge McCarthy presented to the secretary of state his written acceptance of such nomination in conformity with the primary election law. The secretary declined to file the nomination, on the ground that there is no authority for electing a district judge at the 1912 election, and contends that Judge McCarthy holds the office until the regular election for the election of district judges in 1914.

Sec. 11, art. 5, of the constitution provides that the term of office of district judges shall be four years. Sec. 6 of art. 4 of the constitution provides that, "If the office of a justice of the supreme court or a district court, secretary of state, state auditor, state treasurer, attorney general, or superin-

tendent of public instruction shall be vacated by death, resignation or otherwise, it shall be the duty of the governor to fill the same by appointment, and the appointee shall hold his office until his successor shall be elected and qualified in such manner as may be provided by law.''

Sec. 320 of the Rev. Codes provides for filling vacancies in certain offices as follows:

''All vacancies in any state office, and in the supreme and district courts, unless otherwise provided for by law, shall be filled by appointment by the governor, until the next general election after such vacancy occurs, when such vacancy shall be filled by election.''

Sec. 350 of the Rev. Codes provides that, ''At the general election, A. D. 1910, and every alternate year thereafter, there shall be elected one judge of the supreme court, and at said general election, and every fourth year thereafter, there shall be elected in each judicial district of the state, one district judge.''

Counsel for the secretary of state argue that there is no general election in 1912 for district judges, and that the words ''general election'' as employed in sec. 320 of the Rev. Codes, above set out, have reference to the general election at which candidates are elected for the particular office which becomes vacant, and that it does not refer to the general, biennial state election held for the election of state and county officers generally. In support of this contention, counsel cite *McGee v. Gardner,* 3 S. D. 553, 54 N. W. 606; *State ex rel. Fish v. Howell,* 59 Wash. 492, 110 Pac. 386; *People v. Budd,* 114 Cal. 168, 45 Pac. 1060, 34 L. R. A. 46; *Matthews v. Shawnee County,* 34 Kan. 606, 9 Pac. 765; *State v. Philips,* 30 Fla. 579, 11 So. 922.

As we view the question presented to us in this case, it is unnecessary for the court to pass upon the broad general question as to whether or not an appointment to fill a vacancy in the office of district judge holds only until the following general biennial election in the state or holds until the general election at which district judges are elected throughout the state for their full terms. In view of the provisions of our

constitution and various statutes bearing on the question, we doubt the soundness of defendant's position, and are not inclined at this time to commit the court on this question, and therefore reserve it for consideration at such time as it may squarely arise.

The office herein sought to be filled by election was created by an independent act of the legislature, and that act provided by sec. 3, *supra,* the method of filling the office "until the next general election for district judges, and until his successor is elected and qualified." To our minds, this provision of the statute is conclusive of the question here raised. This act is subsequent to all the provisions of the statute with reference to the appointment of officers and filling vacancies, and it specially provides that the appointee of the governor shall hold the office until the "next general election for district judges." That election will be the general biennial election in 1914. It was agreed on the oral argument that if Judge MacLane, the first appointee, had remained on the bench, there would be no question but that his term would not expire until the general biennial election in 1914 and until his successor might be elected at such election and subsequently qualify. It is urged, however, that Judge McCarthy, who was appointed to fill the vacancy caused by the resignation of Judge MacLane, is in some way and by some process limited by the general statutes with reference to appointments to fill vacancies. That contention is not thought to be sound. The appointment is to fill the same office created by the legislature, and is made by the same officer authorized by the legislature to make the appointment, and the power of appointment conferred on the governor is not exhausted by one appointment or two appointments or any number of appointments until the term specified by sec. 3 of the act expires, namely, "until the next general election for district judges and until his successor is elected and qualified." Although Judge McCarthy is appointed on account of the vacancy caused by the resignation of Judge MacLane, it is still true that he is appointed to satisfy the demands and requirements of the specific act creating this office. We conclude, therefore, that Judge McCarthy's appoint-

ment holds until the next general election for district judges, namely, the general biennial election to be held in 1914 and "until his successor is elected and qualified."

For the foregoing reasons, the writ must be quashed and the proceeding is hereby dismissed.

Sullivan, J., concurs.