THE STATE OF FLORIDA on relation of Cary D. Landis, *Attorney General* of said State, and W. M. GLADDIS, *Relators,* v. W. C. GAMBLE, *Respondent.*

148 So. 551.

Opinion filed May 6, 1933.

*T. H. Getzen,* for Relators;

*W. Kenneth Barnes,* for Respondent.

PER CURIAM.—In this case the respondent's amended plea to an information in *quo warranto* filed by the Attorney General and another avers that the respondent was on January 6, 1932, duly re-elected as Chief of Police of Dade City, Florida, pursuant to Section 5 of Chapter 14591, Special Acts of 1929, Laws of Florida; that the defendant had at that time taken the oath of office and given the bond required by the City Commission for the faithful performance of his duties as such Chief of Police; that by the resolution re-electing him respondents' bond and oath were continued in force and effect; that respondent claimed to have the right to exercise and perform the offices, duties, liberties and privileges of the office of Chief of Police under said re-election; that respondent was and is duly a qualified elector of said City of Dade City and entitled to hold office therein.

The information is in general terms, as it is permitted to be, when filed by the Attorney General himself as relator. Town of Enterprise v. State *ex rel.* Attorney General, 29 Fla. 128, 10 Sou. Rep. 740; Simonton v. State, 44 Fla. 289, 31 Sou. Rep. 821.

The statute provides that the government and municipal authority of Dade City shall be vested in a City Commission, a Municipal Judge, a Clerk, a Tax Assessor, a Chief of Police and such other officers or boards as may be in the charter or by ordinance provided for. Officers are required to take oath and give bond, and, with the exception of the City Commission, hold their respective offices during the will and pleasure of the City Commission, but not for more than four years without re-appointment.

The plea of respondent shows that he was re-appointed as Chief of Police of Dade City on January 6, 1932. This entitled him to serve as such officer during the will and pleasure of the City Commission, but not for more than four years from January 6, 1932, without re-appointment.

The plea contains substantial allegations which are to the effect that the will and pleasure of the City Commission that respondent shall continue in office under his re-appointment has never been terminated by any action of the City Commission. Such allegations are sufficient to show respondent's right to hold office under the re-appointment of January 6, 1932, until such time as the City Commission shall by appropriate action taken by it, indicate that it has exercised its will and pleasure to terminate respondent's appointment, or until four years after the date of such appointment shall have expired.

A plea to the information in *quo warranto,* or to an information in the nature of *quo warranto,* is sufficient if it sets up facts showing a right on the part of respondent to continue to exercise the powers and duties of the office alleged to have been usurped. State v. Jones, 16 Fla. 306; State v. Phillips, 30 Fla. 579, 11 Sou. Rep. 922; State *ex rel.* Davis Atty. Gen. v. City of Stuart, 97 Fla. 69, 120 Sou. Rep. 335.

Under the city charter of Dade City, Florida, the Chief of Police is entitled to hold his office during the will and pleasure of the City Commission, but not for more than four years without re-appointment. Section 5, Chapter 14591, Special Acts of 1929, Vol. 2, part two. When an appointment is once duly made under this section, the officer appointed, when qualified, is entitled to thereafter continue in office for a period of four years, unless at the will and pleasure of the City Commission, duly evidenced by some

official action taken by it as such with respect to the particular officer, the appointment is sooner terminated.

The demurrer to the amended plea should be overruled with leave to relator to join issue or file reply within fifteen days and it is so ordered.

Demurrer to plea overruled.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.