GEORGE S. SAWYER, Appellant, v. THOMAS E. HAYDON, Respondent.

Under our form of Government there is no inherent right in the people to hold an election to fill any office.

An election can only be held by virtue of some constitutional provision or legal enactment, either expressly or by direct implication authorizing that particular election.

A law authorizing the electors of a county biennially to elect a person to fill a certain office, does not, even by implication, authorize them at an intermediate election to choose a person to fill out an unexpired term of the same office; especially is this so where there has been an appointment made to fill the vacancy by legal authority, and there is no law limiting this appointment to a period short of the expiration of the unexpired term.

Appeal from the District Court of the Second Judicial District of the Territory of Nevada, Hon. George Turner presiding.

The facts of the case are fully stated in the opinion of the Court.

*Clayton* and *Atwater & Flandrau*, for Appellant.

*Thos. E. Hayden*, in person, for Defendant.

The appellant made the following points :

*First*—That the general policy of the Territorial laws was to make all offices elective, as far as practicable, and when a case of necessity arose requiring the temporary appointment of an elective officer, that appointment should not extend, and was not by law intended to extend, beyond the next general election, when the people would have an opportunity of electing.

*Second*—That the law having vested the people with power to elect Prosecuting Attorneys for the full term, that they would have the right, without any special statute on the subject, when assembled at a general election, to fill any vacancy in that office that might then exist, and also to elect an officer to fill the unexpired term when the vacancy had been temporarily filled by the County Commissioners.

*Third*—The law authorizing County Commissioners to fill

vacancies shows by its very terms such appointment is only to be temporary, and last until the office can be filled by the electors at the earliest practicable period.

Appellant cited *People* v. *Fitch*, 1 Cal. 536; *People* v. *Mott*, 3 Cal. 505; *People* v. *Brenham*, 9 Pickering, 312.

Respondent makes the following points:

*First*—Appellant must show affirmatively his right to the office. (*Doane* v. *Sewell*, 7 Cal. 395; *People* v. *Samuel*, 7 Cal. 436.)

*Second*—A vacancy in office only exists where there is no incumbent. (*People* v. *Mizner*, 7 Cal. 523; *People* v. *Wills*, 2 Cal. 204.)

*Third*—Power to fill an office and to fill a vacancy are distinct powers. (*People* v. *Langdon*, 8 Cal. 15.)

*Fourth*—Respondent's appointment is until the vacancy is supplied as *provided by law*. There is now law providing for filling such vacancy.

*Fifth*—No election can be held unless the time, place and office to be filled, are fixed by law. (6 Cal. 28; 11 Cal. 65 and 399; 12 Cal. 411; 14 Cal. 187.)

Opinion by BEATTY, J., full Bench concurring.

This case came before the District Court of Ormsby County as an agreed case, under the following circumstances:

At the September election, 1863, Samuel D. King, Esq., was elected Prosecuting Attorney for Ormsby County, and held the office until the 3d day of October, 1863, when he resigned, and T. D. Edwards, Esq., was appointed by the Board of County Commissioners to fill the vacancy. Edwards held the office until the 10th day of February, 1864, when he resigned, and the defendant (respondent) was appointed to fill the vacancy occasioned by this resignation, and entered upon the duties of the office. Prior to the September general election, 1864, proper notice was given that a Prosecuting Attorney for Ormsby County would be elected. The plaintiff was a candidate, and received a majority of the votes cast for that office, received his certificate of election, took the necessary

oath and demanded of respondent to be let into office. The defendant refusing to let him into office or to allow him to control the books or papers belonging thereto, an agreed case was submitted to the District Court, and a decision was had therein in favor of the defendant. The plaintiff appeals to this Court.

The only question to be determined is, was the election held in September, 1864, for Prosecuting Attorney for Ormsby County a legal election, or was it a proceeding without the authority of law, and void?

By a law of the Territory of Nevada, passed December 19, 1862 (page 64 of Acts of 1862), it is provided that at the next general election Prosecuting Attorneys shall be elected for each of the counties of the Territory, who shall hold their offices for two years and until their successors shall be elected and qualified.

In the laws of 1861, page 308, the following provisions are found in regard to filling vacancies:

" Section 44. Whenever a vacancy shall occur during the recess of the Legislature, in any office which the Legislature are authorized to fill by election, or which the Governor, subject to confirmation of legislative council, is authorized to fill, the Governor, unless it is otherwise specially provided, may appoint some suitable person to perform the duties of such office.

" Sec. 45. When, at any time, there shall be in either of the county or precinct offices, no officer duly authorized to execute the duties thereof, some suitable person may be appointed by the County Commissioners to perform the duties of either of said offices: provided, that in case there is no Board of County Commissioners, the Governor may, on notice of such vacancy, create or fill such Board.

" Sec. 46. Every person so appointed, in pursuance of either of the last two preceding sections, shall, before proceeding to execute the duties assigned them, qualify in the same [manner] as required by law of the officers in whose place they shall be appointed; and they shall continue to exercise and perform the duties of the office to which they shall be so appointed, until such vacancy shall be regularly supplied as provided by law."

These are believed to be the only laws of the late Territory, now State of Nevada, bearing on the points at issue in this case. It is urged on the part of the appellant,

"*First*—That the general policy of the Territorial laws was to make all offices elective as far as practicable, and when a case of necessity arose requiring the temporary appointment of an elective officer, that appointment should not extend, and was not by law intended to extend, beyond the next general election, when the people would have an opportunity of electing.

"*Second*—That the law having vested the people with power to elect Prosecuting Attorneys for the full term, that they would have the right without any special statute on the subject, when assembled at a general election, to fill any vacancy in that office that might then exist, and also to elect an officer to fill the unexpired term when the vacancy had been temporarily filled by the County Commissioners."

We shall not question the general proposition that it was the policy of the Territorial Legislature to make all offices elective. That proposition can have little to do with determining the point in issue. It must also be admitted that the language used in the 46th section of the Act of 1861, shows that the Legislature contemplated that the filling of vacancies by the County Commissioners should only be temporary. It was evidently the intention of the Legislative Assembly to provide for filling those vacancies in some other manner.

Probably in those offices which were elective, and in which the term of office was more than one year, the Legislature may have intended to provide that at the next general election after any vacancy occurred, an election should be held to select an officer to fill the unexpired term. But whatever may have been their intention, they have failed to carry it into effect. No law was passed to authorize an election by the people to fill a vacancy, or to elect for a fractional term.

The question then resolves itself into this: Can the people, by virtue of any inherent right in themselves, when assembled at a general election, elect an officer for a fractional term when the statute law authorizes them to elect for the full term, but is silent in regard to the election of such officer for a fractional term?

We can imagine that a people without written laws might have a natural right to assemble together, and in a general meeting of all classes, adopt laws, elect officers, and perform governmental functions.

But when a people live under a Government which is regulated by written law, in which the powers, duties and responsibilities of the different officers of the Government and of the body of the people are clearly defined, and in which the law attempts to point out how and when citizens may exercise the elective franchise, and for what officers they may vote, we cannot conceive of a case in which the people could be entitled to vote for any officer without some provision of law, either express or clearly implied, authorizing such vote to be cast. According to our understanding of the theory of our Government, all legislative power, whether in a State or Territorial organization, is vested in a body consisting of a limited number of persons, and the people derive their power to elect officers either from the State Constitution, the Organic Act (which in a Territory, to some extent, stands in the place of a Constitution), or the statutory enactments of a State or Territorial Legislature.

If that be the case, then it is impossible for a people living under a regularly organized Territorial Government, to vote for and elect any officer without some statutory provision for so doing. It is not pretended that there is any express statutory provision for electing a Prosecuting Attorney to fill the unexpired term.

But appellant contends that power is given by implication. As before stated, the inference we draw from the language in section 46, page 308, Statutes of 1861, is not that the Legislature thereby gave, even by implication, any power to the people to fill vacancies or supply unexpired terms, but rather intimated an intention to do so at some future time—an intention which they failed to carry out.

The proposition that the power conferred on the people to elect for a full term carries with it, by implication, the power to fill the office by election for an unexpired term, we consider untenable. There is no case cited where the people have ever attempted to claim or exercise such a right. Many cases have

arisen where the voters have claimed and attempted to exercise such a right under the express provisions of State Constitutions, when the statute law had failed to provide for carrying the constitutional provisions into effect, or when the Executive had failed to issue the proper proclamation.

There has been great conflict of opinion among Judges as to what were the powers of the people at a general election under such circumstances, some holding that merely by force of the general provisions of the Constitution the electors might exercise their right to elect their own officers, and that they could not be deprived of their constitutional rights in this respect by the failure of the Legislative or Executive departments of the Government to do their duty. Other Judges have again held that this elective franchise, although guaranteed in general terms by the Constitution, could be exercised only by virtue of special legislative enactment, describing time, place, manner and all the formalities of the election, and under some circumstances that such election must also be preceded by all proper notices and proclamations.

But we think no Court or Judge has gone so far as to hold that the people might hold an election or vote for any particular officer at a general election, unless special provision was made for electing such officer for the particular term to which he was seeking to be elected, either in the Constitution or some statutory enactment. For an able and lucid argument on these points we would refer to the opinion of Mr. Justice Baldwin in the case of *McKune* v. *John B. Weller*, 11 Cal. Rep., p. 49.

An opinion of Justice Murray, in rendering the decision of the Supreme Court of the State of California in the case of *The People* v. *Fitch*, 1 Cal. Rep., p. 536, is relied on with great confidence by counsel for appellant. In that decision this language is used: "The power to appoint to an office, carries by implication the power to fill a vacancy in such, and all necessary authority to carry out the original power and prevent its becoming inoperative." The language of Mr. Justice Murray had reference to the powers of a legislative body, and not to the body of the people.

We apprehend that the rule, as applied to the two bodies, might be very different. When power is given to a legislative

body to elect or appoint an officer, that is all that is necessary.

From the very nature of such bodies, they may themselves fix the time, place and manner of election.

They may arrange all the details for carrying the power into effect. It may well be held that conferring on such a body the right to appoint to such an office gives by implication the right to appoint as often as there is a vacancy either by expiration of term, death or resignation.

But when the people are authorized to elect to an office, something more must be done. They not having the means of fixing the time, place and manner of exercising the elective franchise, the law must fix it for them, either expressly or by implication. A law which authorizes the people to vote at a general election in the year 1863, for an officer to hold office for two years, cannot be said even by implication to authorize the people at the general election in 1864 to vote for a person to fill the same office for the unexpired term of the first incumbent who has died, resigned or been removed, unless it contain some expression indicating that such was the intention of the Legislature. There can be no doubt that the Legislature might confer upon electors the power to vote for an officer to fill a whole or fractional term without using language the most direct and positive in its terms. But it must be language which, when properly interpreted, shows it to have been the intention of the Legislature to confer such powers. In this case, had the law of 1862, after providing for the election of Prosecuting Attorney for two years, gone on in the same law to provide that in case of vacancy the County Commissioners should fill that vacancy until the next general election, and no special provision had been made to fill it for any period reaching beyond the next election, perhaps it might be said here was a case where the Legislature had, by direct language, conferred upon the electors of the county the right, at the general election, biennially to elect a Prosecuting Attorney, and had by implication conferred on them the power to elect for a fractional term. It would be necessary to put this construction on the Act, or leave the office vacant.

But if the language used in relation to the vacancy to be filled

by the County Commissioners was that such appointees should hold until the vacancy shall 'be regularly supplied as provided. by law, then no such interpretation could be put upon the law. But we must rather infer that it was the intention to pass a law in regard to vacancies in the office. Such law might provide for a *special* election to be called to fill the vacancy. It might provide for an election at the general election. It might provide for an appointment by the Legislature, or for any other method that the legislative body might think best.

We are of opinion the judgment should be affirmed, and it is so ordered.