In Re SUPREME COURT VACANCY.

(Opinion filed Jan. 12, 1894.)

Opinion of CORSON and KELLAM, JJ., in answer to certain questions propounded by Hon. Charles H. Sheldon, governor, as provided by Const. Art. 5, § 13.

To His Excellency, Charles H. Sheldon, Governor of the State of South Dakota:

SIR: We have the honor to acknowledge the receipt of your communication under date of January 11, 1894, in which, under the provisions of Section 13, Art. 5, of the state constitution, you propound to us certain questions for our consideration as follows: "First. Is there a vacancy upon the supreme bench of this state, as contemplated in the constitution? Second. If so, how shall it be filled, and for what length of time?

To which we respectfully submit the following in reply: Is there a vacancy in the office of supreme judge, within the meaning of the constitution? Judge BENNETT died during the term to which he was elected at the election held in October, 1889, and before the commencement of his term, to which he was elected in November, 1893. But, in our opinion, the

fact that his death occurred before the time had arrived for the commencemênt of his new term of office does not affect the question of the existence of a vacancy in the office. It is not material, in our view, how a vacancy occurs, if, as a fact, such vacancy exists, and there is no person lawfully authorized to assume and discharge the duties of the office. When the present term of the judges of the supreme court commenced on the first Tuesday after the first Monday of January, 1894, there was no person authorized by law to assume the duties of said office from the third district of the state, and there is now no person lawfully authorized to discharge its duties. The office is therefore vacant in law and in fact, within the meaning of the constitution.

Mr. Mechem, in his work on Public Officers, (Section 126,) says: "A vacancy exists when there is no person lawfully authorized to assume and exercise the duties of the office." State v. Harrison, 113 Ind. 434, 16 N. E. 384; Stocking v. State, 7 Ind. 326; People v. Tilton. 37 Cal. 614; State v. Lusk, 18 Mo. 333; Com. v. Hanley, 9 Pa. St. 513.

By whom can such vacancy be filled? Section 37, Art. 5, of the state constitution provides: "* * * Vacancies in the elective offices provided for in this article shall be filled by appointment until the next general election. All judges of the supreme, circuit and county courts, by the governor. * * *." The authority of the governor to fill a vacancy in the office of supreme judge is clearly conferred by this section of the constitution, and the duty is therefore imposed upon you, as governor, to fill the vacancy in that office by appointment.

For what time is the appointment to be made? As will be noticed by the section of the constitution above quoted, the language is: "Vacancies * * * shall be filled until the next general election." In the case of State v. Gardner, decided by this court, and reported in 54 N. W. 606, we held, after a careful review of all the provisions of the constitution and the laws of the state, that the term "next general election," as used in

that section, means the next general election at which the office may be legally filled, and not the general election designated by Section 20, Art. 26, which provides for a general election for state and county officers. At the time that decision was made there was no law providing for the election of supreme and circuit judges, other than the provision in the state constitution providing for the first election of judges under the constitution. Section 5, Art. 26, Schedule. The legislature of the state, at its session in 1893, passed an act providing for the election of supreme and circuit judges, the first section of which reads as follows: "That on the first Tuesday after the first Monday of November in the year 1893, and every six years thereafter, there shall be chosen judges of the supreme court of this state. * * *" Laws 1893, Chap. 84. Under the provisions of this act it will be observed that no provision is made for any election other that the one provided for in November, in 1893, prior to November, 1899. We are of the opinion, therefore, that the person appointed to fill the vacancy in the office of supreme judge will hold the office for the unexpired term to which Judge Bennett was elected. This court held in the case of State v. Gardner, *supra*, that "there is no inherent reserved power in the people to hold an election of such judge [circuit judge] either for a full term or to fill a vacancy, and that it can only be done when and as affirmatively authorized by law. This principle is firmly settled." See cases cited. Also, see Mecham, Pub. Off. §§ 140–142. The same principle applies, of course, to the election of supreme judges. There must be some law, constitutional or legislative, authorizing the election of such judge before such an election can be legally held.

We have the honor to be, very respectfully, your obedient servants,

DIGHTON CORSON,

ALPHONSO G. KELLAM,

Judges of the Supreme Court of the State of South Dakota.