## W. E. McIntyre v. J. M. Iliff.

**No. 12,927.** ( 68 Pac. 633.)

**SYLLABUS BY THE COURT.**

1. OFFICE AND OFFICERS— *Terms of Appointed Judicial Officers.* The phrase "until the next regular election," as used in section 11 of article 3 of the constitution, providing for appointments to fill vacancies in judicial offices, means until the next regular election held at the time fixed by law for the filling of the particular class of judicial offices to which the appointment was made.

2. —————— *Term of Appointed Probate Judge.* The time of the regular election to fill the office of probate judge has always been, as fixed by statute, in the even-numbered years; *held*, therefore, that upon the death of an incumbent of such office, occurring more than thirty days before the regular biennial election, and an appointment to fill the vacancy, the appointee holds until such election.

Original proceeding in *quo warranto.* Opinion filed April 5, 1902. Judgment for defendant.

*Rich & Campbell*, for plaintiff.

*D. M. Valentine*, and *John C. Cannon*, for defendant.

The opinion of the court was delivered by

Doster, C. J. : This is an original proceeding in *quo warranto* to try the right to the office of probate judge of Linn county. Ever since the organization of the state the statute has required the election of probate judges for the full term of the office to be held in the even-numbered years. At the general election in November, 1900, one J. Q. Kennedy was elected probate judge of Linn county. He qualified and entered on the duties of the office, but soon thereafter died. The governor appointed the defendant, J. M. Iliff, to fill the vacancy. He likewise qualified and entered into the office. The authority for this appointment is section

11 of article 3 of the constitution, which reads : "In case of vacancy in any judicial office, it shall be filled by appointment of the governor until the next regular election that shall occur more than thirty days after such vacancy shall have happened." The political conventions held in Linn county in 1901, conceiving that an election should be properly held in November of that year to fill the unexpired portion of the term of the deceased Kennedy, nominated candidates for the office, and the electors, conceiving likewise, voted for them. The defendant Iliff was not a candidate. The plaintiff, W. E. McIntyre, received the majority of the votes cast, and a certificate of election was issued to him. He qualified as required by law and demanded possession of the office, which being refused, action to obtain it was instituted.

The action cannot be maintained. Section 2628 of the General Statutes of 1901 reads as follows :

"All vacancies in any state or county office, and in the supreme or district courts, unless otherwise provided for by law, shall be filled by appointment from the governor, until the next general election after such vacancy occurs, when such vacancy shall be filled by election."

The constitution (art. 4, § 2) reads : "General elections shall be held annually on the Tuesday succeeding the first Monday in November." Notwithstanding the recent enactment of the statute providing for biennial elections (Laws 1901, ch. 176 ; Gen. Stat. 1901, §§ 2751–2755), the Tuesday succeeding the first Monday in November is still a general-election day. It must be such under the above-quoted constitutional provision, but, save as to those offices the time for the filling of which is prescribed by the constitution, it is competent for the legislature to determine what officers shall

be chosen on the annual general-election days. The legislature may not provide for the election of county commissioners otherwise than annually, because the constitution ordains that one of the three be chosen each year. It may not change the times for the election of the justices of this court, because those times are fixed by the recent constitutional amendment. However, except as controlled by express constitutional provision, or by the provision for the holding of annual general elections for the election of, at least, some officers, the legislature may determine the year for the election of all officers for both the full terms and to fill vacancies. The possession of this power formed the basis of the decision of *Wilson v. Clark*, 63 Kan. 505, 65 Pac. 705. It follows from this consideration that, if the above-quoted statute providing for the filling of vacancies in county and other offices at the next general election after the occurrence of the vacancy applies to a probate judge, the contention of the plaintiff should be sustained, because a probate judge is a county officer.

However, he is also an officer of the class called "judicial," and it must be recalled that, as to vacancies in judicial offices, the constitution (art. 3, § 11), above quoted, makes special provision. That provision is for appointment "until the next regular election." If, therefore, there is any difference in meaning between "next *regular* election," as used in the constitution, and "next *general* election," as used in the statute, the constitutional meaning, not the statutory one, must be allowed. There is a difference in meaning. "General election" means that election held generally throughout the state in November of each year for such officers as the constitution ordains or the statute provides shall then be chosen. (Art. 4,

§ 2, Const. ; Gen Stat. 1901, § 7342, subd. 26 ; *Wilson v. Clark*, supra.) The phrase "next regular election," used in the constitution (art. 3, §11), means the next election regularly held conformable to law at which the particular class of judicial officers in question is to be chosen. This was the express ruling in *The State, ex rel. Watson, v. Cobb*, 2 Kan. 32, followed and affirmed in *Mathews v. Comm'rs of Shawnee Co.*, 34 Kan. 606, 9 Pac. 765. The reasons given in these cases for the construction placed on the provision in question were elaborately set forth in the opinions, and need not be restated here. We have, therefore, in any given case but to turn to the constitution or the statute to ascertain the time at which the particular class of judicial officers in question is to be chosen. In the case of probate judges, we find that time to be the even-numbered years. As remarked in the beginning, that has always been the time, and is still the time, as recently reset by the biennial-election law of 1901 (Gen. Stat. 1901, §§ 2751–2755). What significance is to be attached to the negative declaration contained in section 2 (§ 2752) of that law, that "no election for the election of any of the aforesaid county officers, except county commissioners, shall be held prior to the Tuesday succeeding the first Monday in November, A. D. 1902," we need not determine. Certainly, if any significance with respect to this case, it would make against the contention of the plaintiff.

The judgment is for the defendant.

JOHNSTON, ELLIS, POLLOCK, JJ., concurring.