## EX REL. BRIDGES v. JEPSEN
### No. 2668

July 24, 1924.                                            227 Pac. 588.

1. COUNTIES—CLERK APPOINTED TO FILL VACANCY HOLDS OFFICE UNTIL THE NEXT "GENERAL ELECTION" FOR COUNTY OFFICERS.
   Rev. Laws, sec. 2813, providing for appointment by county commissioners to fill vacancies in the county clerk's office "until the next general election," means the next general election for county officers who, under Stats. 1920–21, c. 56, hold for four years, not the biennial general election, held every two years, if occurring before four-year term expires.

2. OFFICERS—APPOINTMENTS TO FILL VACANCIES USUALLY EFFECTIVE ONLY UNTIL ELECTION.
   The policy of the government and theory of the law is that election to office should be by the people when it can conveniently be done, and appointment to fill vacancies be effective only until the people may elect.

3. OFFICERS—CONSTITUTIONAL OR LEGAL ENACTMENT HELD NECESSARY TO AUTHORIZE ELECTION TO FILL VACANCY.
   An election to fill a vacancy in an elective office can only be held by virtue of constitutional provision or legal enactment, either expressed, or by direct implication authorizing that particular election; there being no inherent right in the people to hold an election to fill such vacancy.

See 15 C. J. sec. 155, p. 493, n. 35; 20 C. J. sec. 76, p. 95, n. 4; 29 Cyc. p. 1403, n. 69 (new).

ORIGINAL PROCEEDING in mandamus by the State, on the relation of W. H. Bridges, against H. R. Jepsen, as County Clerk of Douglas County. **Writ refused.**

*Grover L. Krick,* for Relator:

When appointed to fill vacancy county officer shall hold until next general election, which is every two

years. Legislature has power to confer upon electors right to elect officer to fill unexpired term without using most direct language, if such intention appears. Framers of constitution had same understanding. Rev. Laws, 1518, 1572, 1607, 1669, 2812, 2813; Sawyer v. Haydon, 1 Nev. 81; State v. Wells, 8 Nev. 109; State v. Lentz, 146 Pac. 932; Ex rel. Daggett v. Collins, 2 Nev. 353; Constitution of Nevada, art. 4, sec. 8.

*M. A. Diskin*, Attorney-General, for Respondent:

Stats. 1921, 96, amends Rev. Laws, 2781, whereby term of county officers, except district judge, was fixed at four years, beginning with election of 1922.

Rev. Laws, 2813, provides that such vacancies shall be filled until "next general election." Question here is what construction to place on words quoted.

Stats. 1917, 358, provides for general elections every two years, and Rev. Laws, 2781, provides for general elections every four years for certain officers therein respectively named. Latter law fixes time for election of county officers.

If we assume words "next general election," as used in Rev. Laws, 2813, to mean, in present instance, general election in 1924, we find no authority for holding election of county clerk in 1924.

Under government by written law elections can be held only as therein provided. An election without legal authority would be void. Sawyer v. Haydon, 1 Nev. 79.

An election is general only as to those officers authorized to be chosen at that time, and would be special as to others. It is not necessarily time or manner of holding election to fill vacancy that makes it special, but fact that it is held at time other than fixed to elect officer for regular or defined term. State v. Howell, 110 Pac. 386.

Where vacancy is filled until "next general election" Rev. Laws, 2813, means next general election for that particular office, not next general election in point of time. Ex rel. Daggett v. Collins, 2 Nev. 351; People v.

Col. 132 Cal. 334; People v. Hardy, 8 Utah, 68; State
v. Howell, supra.

## OPINION

By the Court, SANDERS, J.:

This is an original proceeding in mandamus to compel
the county clerk of Douglas County to include in the
notice required by law to be published of the offices for
which candidates are to be nominated at the coming
September primary election the office of county clerk
and treasurer of Douglas County. The decisive facts
admitted by the demurrer to the petition for the writ
are substantially as follows:

At the general election held in November, 1922,
H. C. Jepsen was elected county clerk and treasurer of
Douglas County, to serve for the period of four years
from the first Monday in January subsequent to his
election. Said H. C. Jepsen qualified and entered upon
the duties of the office, and on January 3, 1923, died.
On January 5, 1923, the board of county commissioners
of that county appointed H. R. Jepsen county clerk
and treasurer, who qualified, and by virtue of his
appointment is now the duly qualified clerk and
treasurer of Douglas County.

Under the general election law of 1917 (Stats. 1917,
p. 358) a general election shall be held in the several
precincts in this state on the Tuesday next after the
first Monday of November, 1918, and every two years
thereafter, at which there shall be chosen all such
officers as are by law required to be elected in such years.

In February, 1923, the legislature approved an act
to amend section 4 of an act entitled, "An Act regulat-
ing the nomination of candidates for public office in the
State of Nevada" (3 Rev. Laws of Nevada, p. 2713),
whereby the secretary of state shall, at least 60 days
before holding the September primary election in 1918,
and biennially thereafter, prepare and transmit to each
county clerk a notice in writing designating the offices
for which candidates are to be nominated at such

primary election. And within ten days after the receipt of such notice such county clerk shall publish so much thereof as may be applicable to his county, once in a newspaper published therein. Stats. 1923, p. 49.

On July 2, 1924, the secretary of state caused to be prepared and transmitted such notice to such clerks, and thereafter H. R. Jepsen, upon receipt thereof, caused to be published in a newspaper published in Douglas County notice of the offices for which candidates are to be nominated at the ensuing primary election, but did not include therein the office of county clerk and treasurer of that county.

Thereafter W. H. Bridges, herein called the relator, a voter and resident of Douglas County, made demand upon H. R. Jepsen as county clerk to include in said notice received by him from the secretary of state the office of county clerk and treasurer of Douglas County, which demand was refused, and thereafter, on, to wit, July 14, 1924, said Bridges filed his verified petition in this court, in which he recited, in substance, the above facts, and prayed that H. R. Jepsen, as county clerk, by writ of mandate, be compelled to include in the published notice of offices for which candidates are to be nominated at the ensuing primary election the office of county clerk and treasurer of Douglas County, and as grounds for the issuance of the writ alleged that the failure of said H. R. Jepsen as county clerk to comply with his demand or request deprived him and others who desired to become candidates for that office from becoming such candidates. On consideration of the petition an alternative writ was issued commanding said Jepsen to show cause why the writ should not be granted. In response to the show cause order H. R. Jepsen appeared in person and by his attorney, the attorney-general of Nevada, and interposed a demurrer to the petition upon several grounds: First, that the same did not state facts sufficient to constitute a cause of action; second, that it appears affirmatively from the petition that a vacancy occurred in the office of county clerk and treasurer of Douglas County after

the general election in November, 1922, and that the respondent, H. R. Jepsen, was appointed by the board of county commissioners of that county to fill such vacancy under the law, and such appointment will not expire until the regular election to be held in November, 1926.

1.   We are not satisfied that Mr. Bridges has shown himself entitled to maintain this proceeding, but, since the point is not discussed, we come to the consideration and determination of the real question involved, which is, where a vacancy has occurred or exists in a county office, and the vacancy is filled by appointment of the board of county commissioners of a person to fill the vacancy until the next general election, whether, in the present state of the law, it was or is the duty of the clerk of the county in which the vacancy occurred to include in the notice of offices for which candidates are to be nominated at the ensuing primary election the office in which such vacancy occurred.

It must be conceded that under the general election law of 1917 a general election shall be held on the Tuesday after the first Monday of November, 1918, and every two years thereafter, at which election there shall be chosen all such officers as are by law entitled in such years to be elected, and it must further be conceded that the amendment of 1923 relative to the nomination of candidates only requires the secretary of state to give notice to county clerks of the offices for which candidates are to be nominated at the ensuing primary election, and on receipt of such notice such county clerk is required only to publish so much of such notice as may be applicable to his county.   It must further be conceded that county officers are not by law to be elected at the general election in November, 1924, because the tenure of such offices is fixed by law at four years.   Stats. 1920–21, p. 96.

The legislature at its session in 1920–21 amended section 17 of an act approved in 1866, being section 2781, Revised Laws of Nevada, to read as follows:

"County clerks, sheriffs, county assessors, county treasurers, district attorneys, county surveyors, county

recorders, and public administrators, shall be chosen by the electors of their respective counties at the general election in the year nineteen hundred and twenty-two, and at the general election every four years thereafter and shall enter upon the duties of their respective offices on the first Monday of January subsequent to their election."

Since there is nothing found in the statute of 1917 relative to elections, or in the law with reference to the nomination of candidates for public office, which makes it incumbent upon the secretary of state to give notice, or county clerks to include in the published notice county offices in which a vacancy has occurred or exists, as one of the offices for which candidates are to be nominated at the ensuing primary election, we do not perceive upon what theory or principle this court has jurisdiction to compel the respondent clerk of Douglas County to include in the notice required of him to be published of the offices for which candidates are to be nominated at the ensuing primary election the office of county clerk and treasurer.

It is contended on behalf of the relator that the court finds ground to compel the respondent to include such office in said notice by virtue of the provisions contained in section 49 of the act of 1866 (section 2813, Rev. Laws), which reads as follows:

"When any vacancy shall exist or occur in the office of county clerk, or any other county or township office, except the office of district judge, the board of county commissioners shall appoint some suitable person to fill such vacancy until the next general election."

2. We appreciate that it is the policy of our government and that it is the theory of the law that election to office be by the people, when it can conveniently be done, and that appointments to fill vacancies made to meet the requirements of public business, shall be effective only until the people may elect. State v. Lentz, 50, Mont. 322, 146 Pac. 936. It seems that it is upon this principle that counsel for the relator insists that, since the legislature has seen fit to provide that vacancies in county offices shall be supplied by the boards of

county commissioners by the appointment of some
suitable person to fill the vacancy until the next general
election only, and since the law fixes the time for holding
the next general election, this court, in keeping with
the letter of the law, should compel the respondent
clerk to include in the published notice of offices for
which candidates are to be nominated any county office
in which a vacancy has occurred or exists. In this we
are unable to agree.

3. There is no inherent right in the people to hold
an election to fill a vacancy in any elective office. An
election can be held only by virtue of some constitutional
provision or legal enactment, either expressed or by
direct implication, authorizing that particular election.
Sawyer v. Haydon, 1 Nev. 75. This brings us to the
consideration of the single point stressed in the pro-
ceeding, namely, what meaning must be ascribed to the
phrase "until the next general election" as used in
the statute of 1866 (section 2813, Rev. Laws), relative
to filling vacancies which occur or exist in the county
offices designated in the act. The attorney-general
makes it clear to us that, upon reason and out of respect
to what seems to be the weight of authority, the phrase
"next general election" must be interpreted to mean
and has reference to the next general election held at
the time fixed by law for the election of county offices,
in this instance the general election in November, 1926.

This court, in the early case of Sawyer v. Haydon,
supra, held that there was no inherent right in the
people to fill a vacancy in an office for an unexpired
term merely because the office was an elective one,
where there was no expressed provision for such election
by the people to fill the vacancy.

In the case of State v. Collins, 2 Nev. 351, a con-
test for school superintendent, this court interpreted
the phrase "until the next general election" as used in
the statute there under consideration to mean until the
next general election at which a superintendent of
schools can be elected. No sufficient reason is suggested
for giving the phrase "next general election" as used

in the statute now in question a different interpretation, especially when it must be conceded that since 1922 county officers are elected for four years.

When the legislature used the phrase "until the next general election" they knew that county officers were elected for the term of two years, and the lawmakers also knew that the time for electing those officers was fixed by law at the regular biennial elections, and that any person appointed to fill a vacancy would only hold until the next general election. The next general election to be held for county officers could, of course, be only such an election as could be regularly and legally held for those offices; it could not be an election held for some other office. Now that county officers hold for a term of four years, a vacancy occurring in such offices is to be filled by appointment by the board of county commissioners until the next general election prescribed by law for the election of county officers. It may be that the legislature, having changed the term of county officers from two to four years, should have provided that an election to fill a vacancy be held at any biennial election; but they did not do so, hence it is reasonable to infer that, the legislature having extended the tenure of such offices, they meant by the phrase "until the next general election" the election prescribed by law for the election of such officers. This interpretation of the phrase "next general election" is supported by the authorities following: McIntyre v. Iliff, 64 Kan. 747, 68 Pac. 633; In Re Supreme Court Vacancy, 4 S. D. 532, 57 N. W. 495; State ex rel. McGee v. Gardner, 3 S. D. 553, 54 N. W. 606; People v. Wilson, 72 N. C. 155; People v. Col, 132 Cal. 334, 64 Pac. 477; Wendorff v. Dill, 83 Kan. 782, 112 Pac. 588, 50 L. R. A. (N. S.) 359, and note.

Our conclusion is that no valid election could be held at the regular election in November, 1924, for the election of county clerk and treasurer of Douglas County; hence the writ of mandamus prayed for in this action must be refused, and the proceeding ordered dismissed.