ANTHONY J. CILENTO, JOHN W. PETTIGREW, *ET AL.*, PLAINTIFFS-APPELLANTS, v. JOSEPH T. CONNORS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1957—Decided February 25, 1957.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Leon S. Milmed* argued the cause for plaintiffs-appellants (*Mr. James Rosen,* attorney).

*Mr. Frederick J. Gassert* argued the cause for defendant-respondent.

The opinion of the court was delivered by

CLAPP, S. J. A. D. This action in lieu of prerogative writ was brought in the Superior Court, Law Division, by four members of the Board of Freeholders of Hudson County. They seek a judgment ousting the defendant Joseph T. Connors from the office of freeholder. Plaintiffs and defendant made counter-motions for summary judgment; defendant's motion was granted. Plaintiffs appeal.

The four plaintiffs were elected to the board of freeholders at the general election on November 6, 1956, taking office on January 2, 1957. Four other members of the present board were in office prior to October 1, 1956. Mr. Connors, who claims to be the ninth member (the board has a constituency of nine members), was appointed freeholder by resolution of the board on October 25, 1956, to fill a vacancy created on October 8, 1956 by the death of the freeholder William V. O'Driscoll. If Mr. O'Driscoll had lived, he would have been entitled to hold office until the annual stated meeting of the board in January 1958 and until his successor was elected and qualified. *N. J. S. A.* 40:20–2. Mr. Connors contends, and Judge McGeehan for the Law Division held, that he (Connors) may, by virtue of the resolution of the board, hold office until a successor to Mr. O'Driscoll can be elected and qualified, namely, until the annual stated meeting of the board in January 1958. Plaintiffs claim that Mr. Connors' right to hold office expired January 2, 1957.

The parties have stipulated that on May 28, 1912, Hudson County, by referendum, adopted the provisions of *L. 1912, c. 158*, now *N. J. S. A.* 40:20–2 to 40:20–19, inclusive. The question before us turns largely on *N. J. S. A.* 40:20–4 (as amended by *L. 1945, c. 121*):

"Vacancies in the board of chosen freeholders caused by death, resignation or inability to serve in office shall be filled by the remaining members of the board until the annual stated meeting of the board next after the vacancy occurs, and at the first general election held after the vacancy occurs a person shall be elected to fill the office for the unexpired term only."

Since the vacancy in the office, caused by Mr. O'Driscoll's death, occurred only 29 days before the general election on November 6, 1956, it could not, as the law stands, have been filled "at the first general election held after the vacancy occurs," pursuant to *N. J. S. A.* 40:20–4. See *N. J. S. A.* 19:27–11; *cf. Kilmurray v. Gilfert*, 10 *N. J.* 435 (1952).

However the second clause of *N. J. S. A.* 40:20–4 (commencing with the word "and") is modified by *N. J. S. A.* 19:3–29, which provides:

"A vacancy happening in a public office other than that of United States Senator, Member of Congress, State Senator, or member of the House of Assembly, shall be filled at the general election next succeeding the happening thereof, unless such vacancy shall happen within thirty-seven days next preceding such election, in which case it shall be filled at the second succeeding general election."

*Cf.* corresponding modifications in *L. 1912, c. 158, § 4* (from which *N. J. S. A.* 40:20–4 was derived) that were effected by *L. 1920, c. 349, p. 628; L. 1922, c. 242, p. 425; L. 1930, c. 187, p. 685 (cf. L. 1898, c. 139, p. 304)*. Indeed, one jurisdiction, as a matter of inference, has reached a result similar to that achieved in New Jersey by *N. J. S. A.* 19:3–29. *State ex rel. Halbach v. Claussen*, 216 *Iowa* 1079, 250 *N. W.* 195, 200 (*Sup. Ct.* 1933). The Iowa constitution provided that "all persons appointed to fill vacancies in office, shall hold until the next general election, and until their successors are elected and qualified." *I. C. A. Const.*

*Art.* II, § 6. In the cited case a vacancy occurred less than 30 days before a general election, which under the Iowa statutes, did not leave sufficient time to have the name of a successor placed on the ballot. The court held:

"The next general election means the next general election at which, in pursuance of law, a vacancy may legally be filled. Under all of the authorities called to our attention dealing with the subject, it is held that this does not necessarily mean the next ensuing general election, but the election at which the vacancy can be legally filled. *State [ex rel. Ferguson] v. Superior Court,* 140 *Wash.* 636, 250 *P.* 66; *State [ex rel. Everding] v. Simon,* 20 *Or.* 365, 26 *P.* 170; *Sawyer v. Haydon,* 1 *Nev.* 75; *State [ex rel. Bridges] v. Jepson,* 48 *Nev.* 64, 227 *P.* 588; *State [ex rel. Oleson] v. Minor,* 105 *Neb.* 228, 180 *N. W.* 84."

We come then to appellants' arguments. They rely chiefly on the first clause of *N. J. S. A.* 40:20–4, which gives to the then remaining members of the board the power to fill the vacancy

"until the annual stated meeting of the board next after the vacancy occurs."

Here the annual meeting, "next" after the occurrence of the vacancy, was held on January 2, 1957. Appellants therefore maintain that Mr. Connors' appointment as freeholder expired January 2, 1957.

It must be obvious that appellants' rendition of the statute (*N. J. S. A.* 40:20–4, as modified by *N. J. S. A.* 19:3–29) leaves it a very disjointed provision, running in this wise: the board is to fill the vacancy until January 1957 and the electorate are to elect a person at the general election in November 1957 to fill the office for the unexpired term.

However, according to appellants' view, the statute (*N. J. S. A.* 40:20–4, as amended by *L.* 1945, c. 121) contemplates a second appointment by the board, namely, on January 2, 1957. They assert that the vacancy which arises then as a result of the expiration of Mr. Connors' appointment may be filled by the board pursuant to the power given

to it by the very terms of *N. J. S. A.* 40:20–4, namely, to fill "vacancies \* \* \* caused by death, resignation or inability to serve in office." This may be questioned. The phrase "vacancy \* \* \* caused by \* \* \* inability to serve in office" or (as expressed in the sponsor's statement appended to *Assembly Bill No.* 162, which became *L.* 1945, *c.* 121) "inability to perform the duties of office," is inapt if it were intended thereby to refer to a vacancy caused by the expiration of an appointment. *Cf. N. J. Const., Art.* V, *Sec.* I, *pars.* 7–9; *U. S. Const., Art.* II, § 1.

But even if it be said that the phrase "inability to serve in office" is as comprehensive as appellants claim it to be, still another question remains to be considered: did the Legislature intend by *N. J. S. A.* 40:20–4 to authorize the board to appoint some person, who was to hold office until the next annual meeting, and then, on the expiration of that appointment, to authorize the new board (including, it should be noted, the members elected at the most recent general election who would be representative of the public's most recent views) to make another appointment of a person who was to hold office from then until the second annual meeting? Did it intend to give the board the power to make an appointment for three months or less and then before the appointee had had much of an opportunity to acquaint himself with the office, give it the power to make another appointment for a year? Or did it intend to provide for but one appointment, with the person so appointed serving (unless he died, resigned or was unable to serve in office) until a freeholder could be elected by the people at the second succeeding general election? We think the latter construction is the more natural one.

██ It is true that the letter of the statutes, *N. J. S. A.* 40:20–4, as modified by 19:3–29, seems to contemplate that the board has the power to appoint Mr. Connors to hold office until January 2, 1957, and no later—that is, until the annual meeting "next after the vacancy occurs." But the spirit of the statutes, as revealed by the letter—and the spirit is of the very substance of all statutes—contemplates

that whether a vacancy in the board occurs between the annual meeting in any year and the 37th day before the general election in that year, or whether it occurs thereafter, namely, between the 37th day and the next annual meeting, the board has the power to appoint a freeholder to hold office as follows—that is, until the annual meeting *next after the first general election at which the people could elect a person to fill the unexpired term (if any)*. In short Mr. Connors is entitled to hold office until the annual meeting in January 1958.

Affirmed.