## The People on the relation of Frederick D. Larke v. Leonard C. Crawford.

*Quo warranto: Pleadings: Information: Plea.* In *quo warranto* causes the respondent must either disclaim or justify; and the plea is the first pleading that indicates the facts concerning which the controversy as to the right of office will arise.

*Practice: Disclaimer: Question of fact: Exercise of office.* Upon a disclaimer no controversy of fact can arise beyond the simple question of the exercise of the office in question by the respondent.

*Plea: Justification: Office: Title of respondent: Conclusion: Verification: Burden of proof: Issue of fact.* A plea of justification must show all the facts necessary to establish the lawful right of the respondent to the office in question, and must conclude with a verification; and the burden of maintaining it is on the respondent; and no issue of fact can be joined in such cases except upon a replication, or some pleading subsequent thereto, either by denial or by confession and avoidance.

*Informations: Respondent's title: Demurrer.* It is unnecessary to set forth in the information the facts which would negative the respondent's title, and the latter cannot, therefore, demur to it for that deficiency, if it is otherwise sufficient; but must, in all cases where he relies upon his own title, make a showing of it by his own pleadings.

*Heard and decided October 10.*

Information in the nature of *quo warranto*.

In this case, when it was called on for hearing, it was discovered that by a mutual misapprehension of counsel it was not in condition to be heard without first raising and disposing of an issue of fact. Some controversy having arisen upon the formalities of the pleadings, the court gave the necessary instructions for forming the issues. The office in dispute was that of supervisor of the township of Rogers, in Presque Isle county.

*Byron D. Ball, Attorney General,* and *Sutherland & Wheeler,* for the relator.

*Marston & Hatch,* for the respondent.

LARKE *v.* CRAWFORD.

PER CURIAM.

In cases of *quo warranto*, the respondent is required to disclaim or justify, and the plea is the first pleading that indicates the facts concerning which the controversy as to the right of office will arise. The information charges the respondent with intrusion into an office, and calls upon him to show by what right he has assumed to hold it. The respondent may deny that he holds, or claims to hold it. Such a plea is a disclaimer, and no controversy of fact can arise upon it beyond the simple question of his exercise of the office. If he does not disclaim he must justify, and by a plea of justification he is bound to show all the facts necessary to establish his lawful right to hold the office. This is an affirmative showing, which he has the burden of maintaining, and it must conclude with a verification. No issue of fact can be joined in such cases, except upon a replication, or some pleading subsequent thereto, either by denial or by confession and avoidance.

As soon as the parties have come to an issue on the facts, it is to be tried before a jury like any other common-law issue. It is not necessary to set forth in the information the facts which would negative the respondent's title, and the latter cannot, therefore, demur to it for that deficiency, if otherwise sufficient, but must in all cases where he relies upon his own title, make a showing of it by his own pleadings.

The pleadings should be re-framed according to these rules, and leave is granted to substitute new pleadings.