### Henry C. Massey v. The People, ex rel., etc.

1. STATUTES—*Sec. 34, Chap. 24, R. S. 1901.*—By Sec. 34, Chap. 24, R. S. 1901, providing that the city council shall be the judge of the election and qualification of its own members, the legislature did not intend to take away the power of the courts to inquire into a person's title to the office of alderman and to invest the council alone with that power.

2. QUO WARRANTO—*Prosecutor Need Not Prove Title in Himself.*— The prosecutor is not obliged to prove title in himself to sustain the action of quo warranto; the respondent must show by what authority he claims, the state being obliged to answer only the particular claim made by the respondent in his plea.

3. SAME—*Necessary Allegations.*—It is sufficient to allege generally that the respondent is in possession of the office without lawful authority. It is not necessary to set forth in the information, the facts which would negative the respondent's title, and the latter can not, therefore, demur to it for that deficiency, if otherwise sufficient, but must in all cases where he relies upon his own title, make a showing of it by his own pleadings.

Information in the Nature of Quo Warranto.—Appeal from the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

FARTHING & PEAVLER and G. GALE GILBERT, attorneys for appellant.

The defendant must by his plea disclaim or justify, and

if, as in this case, he is charged with the usurpation of an office, and seeks to justify, his plea must show by what authority he claims. A. & E. Ency. P. & P., Vol. 17, p. 467; Dillon on Municipal Corp., Vol. 2, Sec. 893, 4th Ed.

D. H. WELLS, CONRAD SCHUL and WILLIAM H. GREEN, attorneys for appellees.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

The state's attorney of Jefferson county, at the instance of two relators, on the 3d of May, 1901, filed an information in the nature of a quo warranto against the respondent Massey, charging him with usurping the office of alderman of the first ward, in the city of Mt. Vernon. Respondent filed three pleas to the information; replications were filed to the pleas. Respondent then demurred generally and specially to the replications; the court sustained the demurrers, and on motion of the state's attorney the demurrers were carried back to the pleas, and they were adjudged to be insufficient; respondent standing by his pleas refused to plead further.

Judgment of ouster was then rendered against him; the cause is here by virtue of an appeal from that judgment. It will not be necessary to notice any pleadings other than the information and the pleas.

The substance of the allegations of the information is, that the respondent, for the space of twenty-four hours and more, unlawfully held and executed, and still usurps and executes, without any authority of law, the office of alderman from the first ward of the city of Mt. Vernon, to the damage and prejudice of the people of the State of Illinois; that at a meeting of the city council, after canvassing the votes for alderman in the first ward, the city council declared the candidates at said annual city election (Henry C. Massey and Henry B. Hinckley) to have received an equal number of legal votes, to wit, 117; that the council declared the vote to be a tie, and directed the candidates (Massey and Hinckley) to draw lots, and Hinckley drew

Massey v. The People.

the lot winning the office and was declared elected; that Hinckley was sworn in and did immediately assume and perform the duties of alderman; that thereafter the commission of alderman from the first ward was issued to Hinckley, signed by the mayor and city clerk of Mt. Vernon and delivered to him; that on the 2d of May, 1901, Massey, without warrant of law, forced himself into the office of alderman and obtained illegal recognition from the mayor and a portion of the council, and now usurps the authority of said office in defiance of the rights of Hinckley and of the people; that respondent was not legally elected; and prays that he answer by what warrant he claims to execute the office of alderman.

First plea: That on the 16th of April, 1901, at the annual election in the city of Mt. Vernon, held for the purpose of electing a mayor and other city officers, respondent was a candidate on the republican ticket for alderman in the first ward; that he received a majority of all the legal votes cast in the ward; that he was a *bona fide* resident of the ward, had resided in the ward more than two years and possessed all the legal qualifications for said office; that on the 2d of May, 1901, he took the oath as alderman to support the constitution, etc., and filed the oath with the city clerk; that by this warrant he holds the office of alderman.

Second plea: That at the annual city election in 1901, respondent was the candidate for office of alderman on the republican ticket in the first ward of the city of Mt. Vernon, and Hinckley was the candidate on the democratic ticket in the same ward; that respondent received 119 legal votes for said office; that Hinckley "received a much smaller number of legal votes;" that two persons, illegal voters (naming them), voted for Hinckley; that the returning board by counting said illegal votes for Hinckley, returned that respondent and Hinckley each received 117 votes for said office; that respondent on April 18, 1901, filed his petition to contest said election before the city council, and secured service on Hinckley, and that on the 2d of May, at a regular meeting, the city council heard the contest and

declared appellant had been elected to said office; that he then took the oath as alderman; that respondent possessed all the legal qualifications, etc.

Third plea: That at the said annual city election, respondent was a candidate for alderman in the first ward, and that Hinckley was the opposing candidate; that respondent was forty-eight years old and had resided in the ward three years, and possessed all the legal qualifications for said office, as required by law; that he received 119 legal votes for said office; that " said Hinckley received a much smaller number of legal votes; that a large number of illegal votes were cast and counted for said Hinckley; that legal votes were cast for this defendant, but not counted for him;" that respondent received a majority of all legal votes cast for alderman in said ward; that on the 2d of May, 1901, defendant took the oath of office of alderman, by which warrant, etc.

It seems to be assumed by both parties to the record that the Circuit Court has jurisdiction in this matter, notwithstanding the fact that section 34 of chapter 24, Rev. Stat. 1901, provides that " the city council shall be the judge of the election and qualification of its own members." That the legislature, by such a provision, intended to take away the power of the courts to inquire into a person's title to the office of alderman and to invest the council alone with that power, is affirmed in People v. Harshaw, 60 Mich. 200. But in People v. Hall, 80 N. Y. 117, such intention is denied.

The question has not been directly passed upon by the Supreme Court of this State, but in view of the comprehensive reasoning in Snowball v. People, 147 Ill. 260, and in view of the fact that the power has not been challenged by counsel, we also assume that such power exists in our courts.

Before passing upon the main question involved in the pleas, it will be well, in view of the disagreement of counsel as to how issues are to be framed in this kind of a proceeding, to state a few elementary principles of pleading

in relation to quo warranto. The prosecutor is not obliged to prove title in himself to sustain the action; the respondent must show by what authority he claims, the state being obliged to answer only the particular claim made by the respondent in his plea. High's Extraordinary Legal Remedies, Sec. 629; Clark v. People, 15 Ill. 217; Place v. People, 192 Ill. 160. It is sufficient to allege generally that the respondent is in possession of the office without lawful authority. High's Extraordinary Remedies, Sec. 713.

"It is not necessary to set forth in the information the facts which would negative the respondent's title, and the latter can not, therefore, demur to it for that deficiency, if otherwise sufficient, but must in all cases where he relies upon his own title, make a showing of it by his own pleadings." People ex rel. Larke v. Crawford, 28 Mich. 88.

Applying these rules to the information before us, it is evident that the first paragraph quoted contains all that is necessary to a good information in the nature of a quo warranto.

The second paragraph of the information, in which the relators attempt to set forth the title of Hinckley to the office, forms no legal part of the pleading upon which either an issue can be taken, or can form subject-matter which a plea of the respondent can confess or avoid. Nor can the facts disclosed by the averments of Hinckley's title aid the pleas in passing on their validity. Hinckley is not seeking to defeat respondent and be inducted into office by showing the superiority of his title.

Appellee claims the pleas are defective in not sufficiently alleging that respondent is a qualified elector; that the allegation "that he is a resident of the ward and has been for two years prior to the election," is insufficient. In Blanck v. Pausch, 113 Ill. 60, an allegation by a petitioner in a contested election that he was a "citizen" was deemed insufficient. All the pleas in this case, however, allege that "he possessed all the legal qualifications for said office." Whether this relieves the pleas from objection, we shall

not stop to determine; all of the pleas are, in our opinion, insufficient on other grounds.

By section 57 of chapter 24, Rev. Stat. 1901, it is made the duty of election boards to return, within two days, the results of the election to the city council, whose duty it then is to canvass the returns and declare the result of the election. By section 59 of same chapter, it is made the duty of the city clerk to notify all persons elected to office within five days after the result of the election is declared; "and unless such persons shall respectively qualify in ten days after such notice, the office shall become vacant." Section 75 of the same chapter provides that all officers elected shall, before entering upon their duties, take and subscribe an oath which shall be filed with the clerk of the city. Unless the oath is taken the title to the office will fail. Simons v. People, 18 Ill. App. 588.

Granting that respondent was legally qualified and elected to the office, he still has made no case which shows the continued existence of every qualification necessary to the enjoyment of the office.

Under section 59, above quoted, such an averment is necessary, because certain qualifying acts are to be done by candidates elect after they have received notice of their election. See 2 Spelling on Injunction and Extraordinary Remedies, Sec. 1857; State v. Beecher, 15 Ohio 723; People v. Mayworm, 5 Mich. 146. For anything that appears in any of the pleas, the city council of Mt. Vernon met on the 18th of April, 1901, two days after the election, and declared the respondent was elected, and for aught that appears in the pleas, the city clerk notified respondent of that fact either on the 19th, 20th or 21st of April, in which event he should have filed his oath of office either on the 29th or 30th of April, or on the 1st of May, failing to do which the office became vacant. The pleas aver that the oath was filed on May 2, 1901. If the fact is that the council, in canvassing the votes, refused to declare respondent elected, the pleas should have so stated, for no duty could then rest on respondent to file an oath within ten days, because in such

case no notice would be given. In either aspect of these matters all of the pleas are silent, unless the statement in the second plea " that on the 18th of April, A. D. 1901, he filed his petition to contest said election before the city council," etc., shall be held sufficient to cover the defects pointed out. The most that can be claimed by appellant for the averment is that it is an argumentative allegation, in effect, he says, because he filed his petition to contest the election; therefore the city council must have refused to declare respondent elected, and in such view of the case, the fault can only be reached by a special demurrer. All pleadings are to be construed most strictly against the pleader, and this well established rule applies with peculiar rigor when the sovereign calls upon the individual to show by what right he assumes to do official acts.

The fact that appellant filed his petition with the city council to contest the election, is not an exclusion of the idea that the council may have declared him elected, and that he received notice of the fact at such a time that he was bound to file his oath of office before the 2d of May. We can take nothing for granted in favor of respondent's title. Of course we do not mean to be understood as saying that respondent's title to the office depends in the end on what the city council did or did not do in declaring the result of the election, or on what the city clerk did or did not do by way of giving respondent notice. The failure of the city officers in duties toward appellant, can not deprive him of an office to which he is in fact elected; what we decide is, that if he was declared elected and was notified of the fact, he was bound to file the oath of office within ten days from the date of the receipt of the notice, failing to do which the office became vacant, even though respondent was legally qualified for the office and legally elected; and as the pleas do not exclude a state of things which may show that he has lost the title to the office, after a lawful election, the judgment of ouster on the pleas is correct.

If it should be conceded that the averments in the second plea, in reference to the contest carried on before the council, are sufficient in law to show the legality of the council's

act in declaring respondent elected, nevertheless such determination by the council can not be a bar to this proceeding. Patterson v. People, 65 Ill. App. 651; Snowball v. People, *supra*.

The judgment of ouster is affirmed.