PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* BAKER.

1. QUO WARRANTO—PUBLIC OFFICE—REMOVAL BY GOVERNOR—RE-
VIEW.

In *quo warranto* proceedings to try title to the office of
sheriff from which defendant was removed by the
governor under 1 Comp. Laws 1915, § 245, as amended
by Act No. 38, Pub. Acts 1919, where the regularity of
the procedure for removal as required by common law
and statute appears, as also a showing that the governor
had jurisdiction to act, and testimony to support his
action, the Supreme Court will not further review the
proceedings.

2. SAME—JUDICATURE ACT—CHANGE IN PRACTICE.

Under the judicature act (3 Comp. Laws 1915, § 13526),
the only change in the former practice in *quo warranto*
proceedings is to confine the pleadings to the information,
plea, and a single replication containing no new affirma-
tive matter except in direct denial or contradiction of
affirmative matters alleged in defendant's plea.

3. SAME—PLEADING—BURDEN ON DEFENDANT.

Under said statute, an allegation in the information
charging usurpation in a public office may be general
in character and need not particularize, while defendant's
answer by plea must set forth specifically the grounds
of his claim and continued existence of his right; the
burden still being upon him to show by what right he
claims to hold and exercise the functions of said office.

4. SAME — AFFIRMATIVE DEFENSE — AFFIRMATIVE MATTER IN RE-
PLICATION CONTROVERTING PLEA NOT PROHIBITED—EXCEPTION.

Where defendant pleaded the affirmative defense that he
was elected to and qualified for the office which he con-
tinues to hold, plaintiff's allegations in the replication
denying and controverting same by alleging that defendant
was removed from said office by order of the governor,
*held*, not new affirmative matter prohibited in said sec-

tion 13526, but to be within the exception therein contained.

5. SAME — ASSUMPTION — LEGISLATIVE INTENT—CONSTRUCTION OF STATUTE.

The court will not assume that the legislature, by the exception in said section 13526, intended to go no further than to permit a denial and argument, since to "controvert" is "to deny and attempt to dispute or confute," and to "confute" means to "prove to be false, defective, or invalid."

*Quo warranto* by the people of the State of Michigan, on the relation of Merlin Wiley, attorney general, against Ray Baker to try the title to the office of sheriff of Lapeer county. Submitted August 3, 1922. (Calendar No. 30,265.)    Judgment of ouster entered August 10, 1922.

*Merlin Wiley*, Attorney General, *Carl D. Mosier* and *J. E. Converse*, Assistants Attorney General, for plaintiff.

*Clifford A. Bishop, Charles A. Withey* and *Benjamin F. Reed*, for defendant.

PER CURIAM.    Information in the nature of *quo warranto* was filed by the attorney general on April 5, 1922, against defendant to inquire by what authority he assumed to exercise the office of sheriff of Lapeer county, charging in customary form without particularizing that he "usurps, intrudes into and unlawfully holds and exercises the office of sheriff, a public office in and for the county of Lapeer, without any lawful election, appointment, warrant or authority whatsoever therefor."

Defendant filed answer in justification protesting that the matters contained in the information filed against him were not sufficient in law, and for plea set out that he was legally elected sheriff of said

county on November 2, 1920, qualified therefor and entered into said office and discharge of its duties on January 3, 1921, "and from thence hitherto has held and used and still does hold and use the said office with the rights and emoluments thereunto belonging or appertaining by virtue of said election, as it was and is lawful and proper for him to do."

Plaintiff then filed a replication admitting defendant's election and thereafter incumbency of said office until April 3, 1922, but denied and controverted his affirmative allegation in said plea that defendant yet lawfully held and exercised said office, by allegations showing that he was removed therefrom by the governor of the State of Michigan and the office declared vacant, on April 3, 1922, with proceedings leading up to that result stated in detail, since which date he has usurped, intruded into and held said office, "and still usurps, intrudes into and unlawfully holds and exercises said office of sheriff without any election, appointment, warrant or authority whatsoever therefor."

The parties then stood upon their pleadings, which were duly verified. Defendant thereafter moved to dismiss the case and plaintiff moved for a judgment of ouster, which motions were denied at chambers and the case ordered for hearing. Both parties appeared by counsel and were heard with opportunity to then offer such evidence as they desired. Plaintiff offered in evidence the charges against defendant filed with the governor, the governor's notice of hearing before him, proof of service thereof upon defendant, governor's order of removal and proof of service thereof on defendant. Accepting as formally proved copies thereof found in the printed record, defendant's counsel objected to their admission under the state of the pleadings and renewed their motion to dismiss, as in the nature of a demurrer to plaintiff's petition and

replication, claiming the same were inadequate and incompetent under *quo warranto* proceedings as now provided by the judicature act (3 Comp. Laws 1915, § 13526), and during the argument tentatively tendered the testimony taken at the hearing before the governor on the proceedings for removal, if the court held plaintiff's evidence competent.

Plaintiff's counsel contended defendant's attempt to justify had failed and asked judgment of ouster on the record as it then stood.

Section 245, 1 Comp. Laws 1915 (as amended by Act No. 38, Pub. Acts 1919), provides:

"The governor may remove all county officers chosen by the electors of any county or appointed by him; * * * when he shall be satisfied from sufficient evidence submitted to him as hereinafter provided, that such officer is incompetent to execute properly the duties of his office, or has been guilty of official misconduct, or of wilful neglect of duty, or of extortion, or habitual drunkenness, or has been convicted of being drunk, or whenever it shall appear by a certified copy of the judgment of a court of record of this State that such officer after his election or appointment shall have been convicted of a felony." * * *

Gross misconduct in office is contained in the written and verified charges filed with the governor against defendant. He was timely served with a copy of them and notice of the time and place of hearing thereon, at which he was given full opportunity to be heard, appeared in person, was represented by counsel and introduced such evidence as he desired. Regularity of the procedure for removal as required by common law and statute appears. That the governor had jurisdiction to act is shown and, if material here, there was testimony to support his action. Beyond that this court will not review those matters in this proceeding.

Section 3 of the chapter in the judicature act deal-

ing with *quo warranto* proceedings (3 Comp. Laws 1915, § 13526), is a new section reading as follows:

"SEC. 3. Within fifteen days after service of such plea the plaintiff shall file a replication thereto. Such replication shall not contain any new affirmative matters, except it may deny or controvert any affirmative matter set up in such plea, and upon the filing of such replication such cause shall be at issue. No other or further pleadings shall be allowed, but the court shall have the like power of amending pleadings, as in other cases."

It is urged for defendant that this section, properly construed, works a revolution in *quo warranto* procedure and requires plaintiff to state fully in the information affirmative facts upon which his charge of usurpation is based, which, as applied to the case in hand, would be defendant's legal incumbency of the office and proceedings before the governor claimed to have resulted in his order of removal properly pleaded.

The only change in former practice as we construe this section is to confine the pleadings to the information, plea and a single replication containing no new affirmative matter except in direct denial or contravention of affirmative matters alleged in defendant's plea, thus eliminating dilatory re-replications and rejoiners formerly permissible, which often multiplied issues and protracted the litigation unduly under previous practice. The statute does not by word or implication disturb the old and well settled principle, which lies deeper than forms of pleading, that the State has a right to demand of any one assuming a public office by what right he does so, and when it calls upon him to show cause why he assumes or by what right he claims to hold and exercise the functions of a public office, or franchise, the burden is upon him to meet that demand; therefore an allega-

tion in the information charging usurpation may be general in character and need not particularize, while defendant's answer by plea must set forth specifically the grounds of his claim and continued existence of his right. *People* v. *Mayworm*, 5 Mich. 146; *People* v. *Railroad Co.*, 12 Mich. 389 (86 Am. Dec. 64); *People* v. *DeMill*, 15 Mich. 164 (93 Am. Dec. 179); *Larke* v. *Crawford*, 28 Mich. 88; *Attorney General* v. *May*, 97 Mich. 573.

In *People* v. *Mayworm, supra,* the principle is stated as follows:

"The rule is well settled, that where the State calls upon an individual to show his title to an office, he must show the continued existence of every qualification necessary to the enjoyment of the office. The State is bound to make no showing, and the defendant must make out an undoubted case. It is not sufficient to state the qualifications necessary to the appointment, and rely on the presumption of their continuance. The law makes no such presumption in his favor."—Citing authorities.

Defendant's allegations that he was elected to and qualified for the office which he continues to hold is affirmative matter set up in his plea, which plaintiff denies and controverts in his replication by alleging he was removed from that office by an order of the governor. It is contended for defendant this is new, affirmative matter prohibited by section 3. Arguments have no place in pleadings. We can not assume that the legislature by the exception in question intended to go no further than to permit a denial and argument. One of the definitions of "controvert" is "to deny and attempt to dispute or confute," and to "confute," means to "prove to be false, defective, or invalid." (Century Dictionary.)

While under the circumstances of this case the plaintiff might with propriety have stated in his information the fact of removal, as stated in the rep-

lication, it went no further than to deny, controvert or refute affirmative matter set up in defendant's plea, in re-assertion of the charge that he was usurping the office without lawful right.

A person who has been legally elected and qualified for an office does not necessarily continue therein during the prescribed term. Resignation, ceasing to be a resident, acceptance of an incompatible office, or removal therefrom may terminate his incumbency. Defendant was required to show by his plea the continued existence of every qualification to hold the office he claimed the right to. The matters alleged in the replication have not been traversed or avoided, and under the undisputed circumstances of this case his removal by order of the governor precludes him from successfully doing so.

Judgment of ouster is granted.

CLARK, BIRD, and MOORE, JJ., did not sit.